The plaintiff appeals from a judgment entered in a boundary line dispute between coterminous landowners. We affirm.
Lawrence Dean Johnson sued Emmett M. Coshatt and Carol J. Coshatt, alleging ownership, by adverse possession, of a strip of land approximately five feet in width that adjoins and runs along the northeastern boundary of Johnson's property ("the disputed strip"). The disputed strip is an untravelled part of an easement 25 feet in width that was purchased by the Coshatts to provide a means of ingress to and egress from their landlocked property. The disputed strip gradually slopes down and away from Johnson's property to the portion of the easement that is travelled. Johnson also alleged that he had acquired by prescription the nonexclusive right to *Page 484 
use the Coshatts' easement. The trial court entered a judgment for the Coshatts and set the boundary between the parties' property.[1]
The issues presented for our review are 1) whether the trial court erred in finding that Johnson had not acquired ownership of the disputed strip by adverse possession and 2) whether the trial court erred in finding that Johnson had not acquired a prescriptive easement.
In Strickland v. Markos, 566 So.2d 229, 232 (Ala. 1990), this Court discussed the forms of adverse possession in Alabama:
 "Essentially there are two forms of adverse possession in Alabama; 1) adverse possession by prescription; and 2) statutory adverse possession. Adverse possession by prescription requires actual, exclusive, open, notorious, and hostile possession under a claim of right for a 20-year period. Fitts v. Alexander, 277 Ala. 372, 170 So.2d 808 (1965).
". . . .
 "With respect to statutory adverse possession, this Court in Brown v. Alabama Great Southern R.R., 544 So.2d 926, 931 (Ala. 1989), stated:
 " 'In Carpenter v. Huffman, 294 Ala. 189, 314 So.2d 65 (1975), Justice Jones summarized the applicability of our adverse possession statute, now Ala. Code 1975, § 6-5-200, as it relates to coterminous landowners:
 " ' "The three alternative prerequisites 1) deed or other color of title, 2) annual listing of land for taxation, or 3) title by descent cast or devise from a predecessor, therefore, are not necessary to sustain a claim to title by a coterminous owner. Lay v. Phillips, 276 Ala. 273, 161 So.2d 477 (1964); Sylvest v. Stowers, 276 Ala. 695, 166 So.2d 423 (1964). That is to say, although the claimant is relieved of these three alternative conditions prescribed by [§ 6-5-200], he may still acquire title by the exercise of adverse possession for a period of ten years. Cambron v. Kirkland, 287 Ala. 531, 253 So.2d 180 (1971); Lay v. Phillips, supra; McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160
(1954). However, the requirements that possession be open, notorious, hostile, continuous and exclusive are still applicable. Thompson v. Odom, 279 Ala. 211, 184 So.2d 120 (1966)." ' (Emphasis added in Brown.)"
The Court went on to explain that to satisfy the "open" and "notorious" possession elements, the claimant must present evidence sufficient to show "that his acts of dominion and control over the property were of such character and distinction as would reasonably notify the landowner that an adverse claim [was] being asserted against his land."566 So.2d at 232. The Court further defined "exclusive possession" as follows:
 " ' "Exclusive possession" means that [the] claimant must hold possession of the land for himself, as his own, and not for another, or must maintain exclusive dominion over the property and appropriation of it to his own use and benefit. To establish exclusive possession, there must be an intention to possess and hold land to the exclusion of, and in opposition to, the claims of all others, and the claimant's conduct must afford an unequivocal indication that he is exercising dominion of a sole owner. Exclusiveness essential to adverse possession may or must be shown by acts which comport with ownership and would ordinarily be done by an owner for his own use to the exclusion of others, and all such acts must be considered collectively in determining the sufficiency of possession. Exclusiveness of possession is often evidenced by the erection of physical improvements on the property, such as fences, houses, or other *Page 485 
structures, and, in their absence, substantial activity on the land is required.' "
566 So.2d at 235, quoting 2 C.J.S., Adverse Possession § 54 (1972).
In this case, Johnson, relying on the doctrine of "tacking," presented undisputed evidence that the tenants of his predecessor in title had cut the grass on the disputed strip for almost 40 years. See Strickland at 233 for an explanation of the doctrine of "tacking." However, other evidence, also undisputed, showed that, because of its location, it was convenient, and perhaps more desirable, for aesthetic purposes, for Johnson and the tenants of his predecessor in title to cut the grass on the disputed strip for the Coshatts and their predecessors in title; that the grass on the disputed strip did not grow very well and had to be cut only every two weeks during the growing season; and that it took only a few minutes to cut the grass. Other evidence also showed that at various times over the years the sons of the Coshatts' predecessors in title had used the disputed strip for certain purposes (e.g., to load lawn mowers and to run motorcycles across). The Coshatts recently installed a new underground water line on the disputed strip. From our review of the record, we conclude that the trial court did not err in finding that Johnson had not acquired ownership of the disputed strip by adverse possession. Considering the evidence as a whole, the trial court could have correctly concluded that the single undisputed fact that Johnson and the tenants of his predecessor in title had cut the grass on the disputed strip for almost 40 years was insufficient, as a matter of law, to establish that the Coshatts and their predecessors in title had been placed on notice that an adverse claim had been asserted against their property or that Johnson and his predecessor in title had exercised dominion over their property as sole owners, to the exclusion of all others.
In Bull v. Salsman, 435 So.2d 27, 29 (Ala. 1983), this Court discussed the kind of use that could give rise to an easement by prescription:
 "To establish an easement by prescription, the claimant must use the premises over which the easement is claimed for a period of twenty years or more, adversely to the owner of the premises, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. The presumption is that the use is permissive, and the claimant has the burden of proving that the use was adverse to the owner. Cotton v. May, [293 Ala. 212, 301 So.2d 168
(1974)]; Belcher v. Belcher, 284 Ala. 254, 224 So.2d 613 (1969); West v. West, 252 Ala. 296, 40 So.2d 873 (1949)."
Although there was evidence in the present case that Johnson and the tenants of his predecessor in title had cut the grass on part of the Coshatts' easement (i.e., on the disputed strip) and that they had intermittently travelled over and parked their vehicles on the travelled portion of the easement, this evidence was also insufficient, as a matter of law, to show that their use of the easement was adverse to the Coshatts and their predecessors in title, under a claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge on the part of the Coshatts and their predecessors in title. The evidence was undisputed that the Coshatts and their predecessors in title had used the travelled portion of the easement continuously for many years as a means of ingress to and egress from their property. The record indicates that the trial court, after considering all of the evidence, correctly concluded that Johnson failed to overcome the presumption that his use of the Coshatts' easement, as well as the use of the easement by the tenants of his predecessor in title, was permissive.
For the foregoing reasons, the judgment is affirmed.
MOTION TO DISMISS DENIED; AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.
[1] The Coshatts moved to dismiss this appeal, arguing that Johnson made other claims that were not adjudicated below and that the trial court did not certify the judgment final pursuant to Rule 54(b), Ala.R.Civ.P. It appears to us, however, after reviewing the record, that although the trial court did not specifically address any of Johnson's claims other than his claim to the disputed strip by adverse possession, the trial court intended to adjudicate all of Johnson's claims in favor of the Coshatts. We note that the trial court stated in the judgment that Johnson's "demands for relief" were denied. Accordingly, the motion to dismiss this appeal is due to be denied. See Rule 58(b), Ala.R.Civ.P. *Page 486