ADAMS, Justice.
AFFIRMED WITHOUT OPINION.
HORNSBY, C.J., and MADDOX and INGRAM, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice
(concurring specially).
I concur specially only because I am averse to affirming without explaining why until such time as we give adequate advance notice to the Bench and Bar that certain cases in which opinions were written in the past may be affirmed without an opinion in the future.
The plaintiffs (appellants) filed an ejectment suit to recover possession of an alley located on the west side of Jackson Street in downtown Mobile. The plaintiffs alleged that they had legal title to the alley and that the defendant had entered into possession of it and unlawfully withheld it. The defendant admitted that he was in possession of the alley but alleged that he was an owner of an easement in common with the plaintiffs. Later the defendant amended his answer to claim fee simple ownership of the alley by prescriptive use for a period in excess of 20 years.
The trial court empaneled an advisory jury, which heard disputed evidence and returned the following verdict:
“We, the jury, find that the Defendant has acquired an easement by proscription [sic] in the property in dispute.”
In its judgment, the trial court stated that the plaintiffs are the record owners of the disputed alley, that the defendant claims an easement by prescription over and across it, and that the jury found as a matter of fact that the defendant had such an easement. The trial court accepted the *1151 jury’s finding and held that the plaintiffs’ title to the alley is subject to an easement in favor of the defendant, which “easement is appurtenant to Defendant’s use of his property adjacent to, and immediately South of the above described property” and “shall be in common with Plaintiffs’ use of said alleyway and shall run with the land.”
The plaintiffs direct our attention to our recent case of Sparks v. Byrd, 562 So.2d 211 (Ala.1990), as to the degree of exclusivity of possession necessary to acquire an easement by prescription; however, Sparks involved the acquisition of a fee estate rather than an easement. The plaintiffs also direct our attention to Johnson v. Coshatt, 591 So.2d 483 (Ala.1991), a case with which I am thoroughly familiar. In Johnson this Court held that the Johnsons’ “evidence was ... insufficient, as a matter of law, to show that their use of the easement was adverse to the Coshatts and their predecessors in title.” 591 So.2d at 485. We affirmed the trial court’s judgment. We are now being asked to reverse a trial court’s judgment and to hold, as a matter of law, that the defendant did not acquire an easement by prescription. Whether I would have arrived at the same conclusion that the jury did after reviewing the facts is immaterial, for there were sufficient facts to support the jury’s verdict and the trial court’s judgment. The question was for the trier of the facts. Therefore, I must vote to affirm.