224 So.2d 613

James BELCHER et al.

v.

Thurmon E. BELCHER et al.

6 Div. 629.

Supreme Court of Alabama.

June 12, 1969.

Barnett & Tingle, Birmingham, for appellees.

Beavers, Shannon, Harrison & Odom, Birmingham, for appellants.

MERRILL, Justice.

This appeal is from a decree in a declaratory judgment proceeding in which appellants-respondents were permanently enjoined from blockading a roadway across their property or from interfering with the use of said road by the appellees, and an easement was granted to appellees for use of the roadway, together with the right to make necessary and proper repairs.

The property of the complainants-appellees is contiguous to that of appellants and lies immediately west of that of appellants. Although their surnames are identical, the parties are not related. Appellants acquired title to their property in 1965 and appellees acquired titled in 1968 from a grantor who had owned the property for twenty years. Appellees' tenant had lived on the land since 1955, except for two years he had lived in a house on appellants' land.

Appellees' bill of complaint as amended alleged that they were the owners of certain described property, that their only means of ingress and egress to said property was by a road running through the property of the appellants, which is contiguous to property of the appellees, and that for well over twenty years appellees and their predecessors in title have used said road as the only means of ingress and egress to said property. In a cross bill, appellants asked $5,000.00 as damages because appellees had dumped sand and scrap iron in the road.

Fifteen witnesses were heard by the court. The evidence was in conflict and there was evidence of ill feeling between the parties which had resulted in appellants blocking the road at or near their common property line.

We quote excerpts from the final decree:

"Complainants base their claim of right to the use of said roadway over the property of Respondents upon an alleged easement acquired by Complainants and their predecessors in title by use of the said roadway for a period greatly in excess of twenty years (and said user is uncontroverted by all the evidence).

"The Respondents contended that, although the said user is established, the user was purely permissive and was not potent to convey an easement or right of ingress and egress to the residence and lands of Complainants.

\*      \*      \*      \*      \*      \*

FINDING OF FACTS

"1. This cause presents a justiciable controversy properly presented for decision to a Court of equity.

"2. There has been a use and claim of right of use to the said roadway, adverse to the right of the owner of the fee, and said use has been exclusive, continuous, hostile, open and notorious for a period greatly in excess of twenty years.

"3. The said roadway is the only practicable means of ingress and egress to their residence and lands available to Complainants.

"4. Respondents have failed to meet the burden of proof necessary to the establishment of a recovery of affirmative relief requested by them in their Answer and Cross-Complaint."

The main thrust of appellants' argument in brief is that the use of the road was permissive, that the use was not adverse and it was not exclusive. Appellants rely on West v. West, 252 Ala. 296, 40 So.2d 873, where we cited numerous authorities for the principle that a private easement is not established merely by the use of the lands of another for a period of twenty years or more. Such use must have been adverse to the owner of the premises over which the easement is claimed, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. We also noted that we follow the minority rule applicable to private easements in that there must be evidence that the use was adverse to the owner; that such nature of use will not be presumed, but the evidence must be such that its adverse nature is a proper inference.

Appellants contend that the use of the road by appellees and their predecessors in title was neither under claim of right or adverse. The evidence, or the inferences therefrom, reveal that for more than twenty years, the occupants of dwellings on appellees' land used the road to haul their belongings in and out, that one of them had paid one of the appellants to pull his automobile out of mudholes three or four times with a tractor when it was stuck on the road, that their children used the road to go to and from school, that their visitors used the road when they used their automobiles to visit them and that the road was the only means of vehicular ingress

and egress. We cannot agree that there was no claim of right when all of the above-mentioned activity took place on the only roadway leading to and from dwellings for over twenty years. Certain it is that the owners of appellants' land through the years had actual or presumptive knowledge of the use and that the use had been made for more than twenty years prior to the purchase of the land by appellants.

In Waterman Steamship Corporation v. McGill Institute, 274 Ala. 481, 149 So.2d 773, there was also a claim that the record was "completely devoid of evidence tending to show that the use of the wall as support for the roof was under claim of right." We did not agree and further in the opinion, on the question of knowledge, we said "We think the use of the wall as support for the roof of the parking garage was so open, notorious, visible and uninterrupted that knowledge must be presumed." Here, there was more than presumptive knowledge, because the man who had been in charge of appellees' land since 1948 and the tenant who had lived on both appellants' and appellees' lands since 1955 testified that they had never asked permission to use the road but that they had just used it.

■ Appellants also argue that the use of the road was not exclusive by appellees and their predecessors because there was evidence that appellants and their predecessors used it as a field road. This contention is answered in Tiffany Real Property, Third Edition, Vol. 4, § 1199, "Necessity of exclusive user," as follows:

"It is sometimes said that, in order to acquire a right of user by prescription, the user during the prescriptive period must be exclusive, but this appears to be so in a very limited sense, if at all. It means, it has been said, no more than that the claimant's right must rest upon its own foundations and not depend upon a like right in any other person; it is

not necessary that he should have been the only one who used or was entitled to use it, so long as he used it under a claim of right independently of others. For instance, the user of another's land for purposes of passage, if continued for the prescriptive period, may operate to create an easement of a right of way, although the owner of the land also passes upon the same line or allows others to pass thereon, nor is it material, in this regard, that an exactly similar easement of passage in favor of another is already existent, or is in course of establishment."

In Wilson v. Waters, 192 Md. 221, 64 A. 2d 135, it was held "that if a road led at its start only to the premises of the persons using it, such circumstance is sufficient to prove their user under a claim of exclusive right, in the absence of proof to the contrary. If a road, which was started in such a manner as to make the. user adverse and exclusive, is afterwards enjoyed in common with the public, the user does not lose its exclusive character as the result of the joinder of the public therein."

It is clear that the road in question here "led at its start only to the premises of the persons using it,"—the occupants of the houses on the land now owned by appellees—and that use started over twenty years prior to the commencement of the suit and continued until appellants barricaded the road.

■ Where the cause was heard ore tenus the lower court's decree will be upheld on appeal unless it is palpably erroneous or manifestly unjust. Crew v. W. T. Smith Lumber Co., 268 Ala. 628, 109 So.2d 721; Jones v. Wise, 282 Ala. 707, 213 So.2d 914. We cannot say that the decree of the trial court was either plainly erroneous or manifestly unjust.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.