BRADLEY, Presiding Judge.
This is a condemnation case.
Thomas W. Griffin and Lynn Taylor made an application in the Probate Court of Marshall County for the condemnation of land owned by Gerald W. and Brooks H. Hawkins for the purpose of obtaining a right-of-way. The right-of-way was necessary as plaintiffs' property is not adjacent to or contiguous to any public road or highway.
Both the Probate Court of Marshall County and the Circuit Court of Marshall County condemned the property for a private right-of-way easement and awarded the owners $1,000 as compensation for the land condemned plus all costs. Gerald Hawkins, Brooks Hawkins, and the Federal Land Bank of New Orleans, argue that the award is erroneous because section 18-3-1, Code 1975, does not provide a mechanism by which lands located outside a municipality may be condemned. Because the condemned land is situated outside a municipality, they argue that the condemnation was improperly entered.
Section 18-3-1, Code 1975, reads as follows:
“The owner of any tract or body of land, no part of which tract or body of land is adjacent or contiguous to any public road or highway, shall have and may acquire a convenient right-of-way, not exceeding in width 30 feet, over the lands intervening and lying between such tract or body of land and the public road nearest or most convenient thereto provided written approval is obtained from the municipal government and the planning board of such municipality.”
Prior to the enactment of this section, the applicable statute was found at Title 19, Section 56, Code 1940 (recomp. 1958). It read:
“The owner of any tract or body of land, outside the corporate limits of a municipality, no part of which tract or body of land is adjacent or contiguous to any public road or highway, shall have and may acquire a convenient right-of-way not exceeding in width thirty feet over the lands intervening and lying between such tract or body of land and the public road nearest or most convenient thereto.”
The language of Section 18-3-1, Code 1975 (prior to its 1982 amendment), clearly provides that the owner of a tract of land not within a municipality can obtain a right-of-way over the lands of another if his lands are not adjacent to a public road. Bull v. Salsman, 435 So.2d 27 (Ala.1983). In 1982 the legislature amended this section of the Code by deleting therefrom the phrase “outside the corporate limits of a municipality,” and adding the phrase “provided written approval is obtained from the municipal government and the planning board of such municipality.”
The plaintiffs argue that the change in the statute was prompted by the legislature’s desire to give the owners of land within a municipality the same right to condemn private rights-of-way as possessed by landowners located outside a municipality.
A basic rule of statutory construction is to ascertain and give effect to the intention of the legislature as expressed in the language of the statute. Ex parte Holladay, 466 So.2d 956 (Ala.1985). In divining the legislative intent:
“[CJourts may look to the history of a statute and the purpose sought to be accomplished, conditions which led to its enactment, ends to be accomplished and evils to be remedied; a rational, sensible and liberal construction with due consideration of the practical effect should be reached in ascertaining a dubious legislative intent.”
State v. T.R. Miller Mill Co., 272 Ala. 135, 130 So.2d 185 (1961).
Although inartfully drafted, section 18-3-1, Code 1975, as amended, appears to be the result of an effort by the legislature to permit those landowners within the boundaries of municipalities who have no access to a public road or street to condemn private rights-of-way just as landlocked land *111 owners outside municipalities are permitted to so condemn. That such was the purpose of the legislation in question appears from the deletion in the forerunner of section 18-3-1 of the language “outside the corporate limits of a municipality”; the introductory language in the act amending section 18-3-1, which is “to provide further for said acquisition” (1982 Ala. Acts No. 82-784); and the added language in section 18-3-1, as amended, requiring written approval of the municipal government and the planning board of such municipality.
After giving the two Code sections in question a rational, sensible, and liberal construction, we conclude that the legislature intended to permit landlocked owners in municipalities to obtain private rights-of-way over the lands of others to the nearest public road or street and did not intend to deprive landlocked owners outside municipalities of the same right, which they had possessed for many years.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.