MADDOX, Justice.
Lorene Wilbur filed a complaint in the Circuit Court of Chambers County, seeking to have a prescriptive easement declared in her favor over the land of the Robertses, the defendants, and seeking a permanent injunction to prevent the obstruction of the easement. After hearing ore tenus evidence, the trial court found in favor of the plaintiff, declaring the easement and enjoining any obstruction. This appeal ensued.
Plaintiff Wilbur owns a house and a parcel of land adjacent to the Robertses’ land. Evidence was presented that Mrs. Wilbur had lived in the house since 1938 and that the road in question has been used by Mrs. Wilbur, her family, and others as a means of ingress and egress since 1941. The Rob-ertses, who acquired title to the adjacent property in 1967, built a fence across the road in 1987.
The sole issue presented for our review is whether the use of the roadway by the *1030 plaintiff was of a sufficiently adverse character as to create an easement by prescription. The Robertses contend that neither they nor the previous owners interfered with Mrs. Wilbur’s use of the road and that, therefore, the use was permissive. “The presumption is that the user [of the claimed easement] is permissive rather than adverse, unless it is shown otherwise.” West v. West, 252 Ala. 296, 40 So.2d 873 (1949). The Robertses claim that Mrs. Wilbur failed to present sufficient evidence to rebut this presumption.
A series of witnesses testified as to their use of the road over a long period of time to visit Mrs. Wilbur. Many of the witnesses were employers of Mrs. Wilbur, who picked her up several times a week for many years. Mrs. Wilbur’s brother testified as to his use of the road to deliver groceries to Mrs. Wilbur and to the former owners of what is now the Robertses’ land. Although the evidence shows that there is another means of access now available to Mrs. Wilbur’s property, the trial judge could have found the subject road was the only means of ingress and egress for many years.
Concerning a similar fact situation, Justice Merrill in Belcher v. Belcher, 284 Ala. 254, 224 So.2d 613 (1969), writing for the Court, concluded:
“We cannot agree that there was no claim of right when all of the above-mentioned activity took place on the only roadway leading to and from dwellings for over twenty years. Certain it is that the owners of appellant’s land through the years had actual or presumptive knowledge of the use and that the use had been made for more than twenty years prior to the purchase of the land by appellants.”
284 Ala. 257, 224 So.2d 615.
Although the evidence was conflicting as to the nature of the use of the roadway, there was evidence presented upon which the trial court could have determined that Mrs. Wilbur’s friends and relatives had used the road for over 20 years in such a manner as to constitute sufficient notice to a landowner that the land was being adversely used.
The trial court heard ore tenus evidence; therefore, the findings of fact made by the trial judge will not be disturbed unless shown to be plainly and palpably wrong and manifestly unjust. Moore v. Williams, 519 So.2d 1337 (Ala.1988). The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.