The issue in this case is whether an easement or right of way by prescription exists over a certain parcel of property. *Page 817 
On November 13, 1959, James and Aleye Kuffskie deeded a parcel of property (known then as 871 West Kuffskie Drive) to Claude and Patricia Tagert. This deed states in part:
 "The conveyance of the above-described property is made subject to all telephone, power and gas line easements relating to the use and occupancy of said property and the right-of-way of West Kuffskie Drive." (Emphasis added.)
Sixteen years later, on October 20, 1975, the Kuffskies deeded lot 2 of the Kuffskie Subdivision to Melvin and Marilyn Apley. A small strip of land along the northern boundary of lot 2 included what had been known as West Kuffskie Drive, the same right of way mentioned in the Kuffskies' deed to the Tagerts. (See Appendix A.) The Kuffskies' deed to the Apleys states that the Apleys took subject to the following:
 "2. Easement for drainage and utilities as shown on recorded plot of subdivision. By acceptance of this conveyance Grantees covenant that they will not obstruct nor interfere with the use of this easement so long as Claude E. Tagert, Jr., and Patricia B. Tagert their heirs and assigns own property adjacent."
This easement for drainage and utilities runs alongside the right of way formerly known as West Kuffskie Drive.
On February 15, 1990, the Apleys filed a declaratory judgment action against the Tagerts, requesting the trial court to determine the Apleys' rights in a paved driveway that runs across the northern boundary of their property and requesting the trial court to issue a permanent injunction ordering the Tagerts to cease and desist from using this paved driveway.
Both the Apleys and the Tagerts made motions for summary judgment, and on August 27, 1990, the trial court entered a summary judgment in favor of the Tagerts, holding that the Tagerts had obtained an easement by prescription in the paved drive across the Apleys' land. The trial court stated:
 "The judgment entered in favor of the Defendants is for a non-exclusive easement on and across the plaintiffs' land for the purpose of ingress [to] and egress [from] the defendant's property. Such easement is established by prescription by right of user and runs with and for the benefit of the property presently owned by defendants upon which their dwelling house is presently located."
The sole question presented, of course, is whether the evidence before the trial court on the summary judgment motion required a finding of an easement or right of way by prescription so that the Tagerts were entitled to a judgment as a matter of law. The Apleys maintain that the evidence shows that the Tagerts' use of the property was permissive rather than adverse and exclusive. We disagree, and hold that the evidence presented to the trial judge requires an award of summary judgment in favor of the Tagerts.
The evidence presented to the trial court reveals that when the Tagerts purchased their property from the Kuffskies in 1959, West Kuffskie Drive was being graded by Mobile County and that it was graded by the county until 1968, when Mr. Kuffskie and Mr. Tagert paved that road at their own expense. Until 1965, the Mobile Cross Reference Directory listed the Tagerts' address as 871 West Kuffskie Drive. West Kuffskie Drive is the sole means of ingress to the Tagerts' property, and the Tagerts have continually used West Kuffskie Drive as ingress to and egress from their property for over 30 years. Additionally, the City of Mobile maintained a street sign on West Kuffskie Drive until approximately 1980, when a school was built west of the Tagerts' property. At that time, the Mobile Police Department placed a "Dead End" sign at the entrance of West Kuffskie Drive and had the Tagerts barricade West Kuffskie Drive at their west property line.
An easement by prescription is created by one party's use of another's land, for the period of prescription, in a manner as would be privileged if an easement existed, provided the use is adverse and, for the period of prescription, continuous and uninterrupted. In Alabama, no easement by *Page 818 
prescription exists if the easement has not been in existence for at least 20 years. Hereford v. Gingo-Morgan Park,551 So.2d 918 (Ala. 1989). In Bull v. Salsman, 435 So.2d 27 (Ala. 1983), this Court set out the requirements for establishing an easement by prescription, as follows:
 "To establish an easement by prescription, the claimant must use the premises over which the easement is claimed for a period of twenty years or more, adversely to the owner of the premises, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. The presumption is that the use is permissive, and the claimant has the burden of proving that the use is adverse to the owner."
435 So.2d at 29.
In Belcher v. Belcher, 284 Ala. 254, 224 So.2d 613 (1969), the trial court permanently enjoined a party from blockading a roadway across his property or from interfering with the use of the road. That party appealed to this Court. The evidence presented in that case showed that the appellees had used the road for more than 20 years, that the appellees' children used the road to go to and from school, that visitors had used the road to visit the appellees, and that the road was the only means of vehicular ingress to and egress from the appellees' property. Still, the appellants argued that the use of the road by the appellees was neither under a claim of right nor adverse. The appellees argued that the owner of a dominant estate need not show continued use by himself for the prescriptive period to establish an easement, but may tack the use by his predecessor in title. This Court stated:
 "We cannot agree that there was no claim of right when all of the above-mentioned activity took place on the only roadway leading to and from dwellings for over twenty years. Certain it is that the owners of appellant's land through the years had actual or presumptive knowledge of the use and that the use had been made for more than twenty years prior to the purchase of the land by the appellants." (Emphasis added.)
284 Ala. at 257, 224 So.2d at 615.
The Apleys argue that the Tagerts' use of the road was neither adverse nor exclusive because the Kuffskies retained an easement in the road when they deeded the property to the Tagerts and because the Kuffskies, together with the Tagerts, paved the road in 1968. This Court, in Belcher, addressed the issue of exclusive use. Quoting 4 Tiffany Real Property, § 1199 (3d ed. 1975), this Court stated:
 " 'It is sometimes said that, in order to acquire a right of user by prescription, the user during the prescriptive period must be exclusive, but this appears to be so in a very limited sense, if at all. It means, it has been said, no more than that the claimant's rights must rest upon its own foundations and not depend upon a like right in any other person; it is not necessary that he should have been the only one who used or was entitled to use it, so long as he used it under a claim of right independently of others. For instance, the [use] of another's land for purpose of passage, if continued for the prescriptive period, may operate to create an easement of a right of way, although the owner of the land also passes upon the same line or allows others to pass thereon, nor is it material, in this regard, that an exactly similar easement of passage in favor of another is already existent, or is in course of establishment.' " (Emphasis added.)
In Wilson v. Waters, 192 Md. 221, 229, 64 A.2d 135, 138
(1949), a case cited by this Court in Belcher, the Maryland Court of Appeals held the following:
 "[If] a road led at its start only to the premises of the persons using it, such circumstance is sufficient to prove their use under a claim of exclusive right, in the absence of proof to the contrary. If a road, which was started in such a manner as to make the use adverse and exclusive, is afterwards enjoyed in common with the public, the use does not lose its *Page 819 
exclusive character as the result of the joinder of the public therein."
Quoted at 284 Ala. at 257, 224 So.2d at 615.
In the recent case of Roberts v. Wilbur, 554 So.2d 1029
(Ala. 1989), Wilbur filed a complaint to have a prescriptive easement declared in her favor over the land of the Robertses. Since 1941, Wilbur had used a road running across certain property that the Robertses purchased in 1967. In 1987, the Robertses built a fence across that road. The trial court heard testimony that Wilber's employers had used the road for many years to take her to and from work, that Wilber's brother had used the road to deliver groceries to her and to the prior owners of the land, and that the road had been Wilber's only means of ingress to and egress from her property for many years prior to the creation of a new means of access to her property. The Robertses argued that Wilber's use was permissive because neither they nor the previous owners had interfered with Wilber's use of the road. This Court stated that "[t]he presumption is that the user is permissive rather than adverse, unless it is shown otherwise," citing West v. West, 252 Ala. 296, 40 So.2d 873 (1949); nevertheless, this Court affirmed the trial court's conclusion that the evidence presented was sufficient to overcome that presumption, and it held:
 "[T]here was evidence presented upon which the trial court could have determined that Mrs. Wilber's friends and relatives had used the road for over 20 years in such a manner as to constitute sufficient notice to a landowner that the land was being adversely used." (Emphasis added.)
554 So.2d at 1030.
The facts in this case are very similar to those inBelcher and in Roberts. The evidence shows that the Tagerts have used the right of way previously known as West Kuffskie Drive for over 30 years, as have the Tagerts' visitors, postmen, meter readers, deliverymen, and garbagemen. The road is the only means of ingress to and egress from the Tagerts' residence and was designated as a public road by Mobile County before being paved by the Kuffskies and the Tagerts when the county decided it would no longer maintain the road. When the Kuffskies deeded property to the Tagerts, the Kuffskies retained an easement in West Kuffskie Drive where it crosses the Tagerts' property. However, the evidence is undisputed that the Tagerts have continued to use this road as the sole means of passage to their property and have so used it for the prescriptive period.
In affirming the summary judgment, we reiterate what this Court stated in Belcher, that it is not necessary that the party seeking an easement be the only one who has used or who has been entitled to use the road, "so long as he used it undera claim of right independently of others. . . . [T]he user ofanother's land for purposes of passage, if continued for theprescriptive period, may operate to create an easement of aright of way, although the owner of the land also passes uponthe same line. . . ." 284 Ala. at 257, 224 So.2d at 615. (Emphasis added.) When the Apleys purchased their lot in 1975, the evidence is undisputed that they were aware of the road across their property and were aware that the Tagerts were using this road for access to their property.
Based on the foregoing, we hold that the trial court correctly concluded that the evidence in this case required a finding that the Tagerts' use of the road had been open, obvious, and continuous since 1957, that they had clearly used the road under an exclusive claim of right for more than 20 years prior to the time the Apleys filed suit in 1989, and therefore, that the Tagerts were entitled to a judgment as a matter of law.
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORE, HOUSTON and KENNEDY, JJ., concur. *Page 820 
[EDITORS' NOTE: The illustration IS ELECTRONICALLY NON-TRANSFERRABLE.]