RICHARD L. HOLMES, Retired Appellate Judge.
John Mixon and members of his family filed a declaratory judgment action against Sam J. Hall, the owner of the adjoining property, and Tommy Womack, the tenant on the Hall property.
Mixon requested that the trial court enjoin Hall and Womack from blocking the roadway and declare the roadway as an easement by prescription to be used for ingress and egress to the Mixon property.
After an ore tenus hearing, the trial court entered an order denying the relief requested by Mixon.
Mixon appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6). We affirm.
Initially, we note that, in cases such as this, where the trial court enters an order based on evidence received at an ore tenus hearing, its judgment is presumed to be correct. Moore v. Williams, 519 So.2d 1337 (Ala.1988). Further, the judgment of the trial court will be reversed only if it appears, after consideration of the evidence and all reasonable inferences to be drawn therefrom, that the judgment is plainly and palpably wrong. Moore, 519 So.2d 1337.
The dispositive issue is whether the trial court erred in finding that Mixon’s use of the road, which was located on Hall’s property, was permissive and that an easement by prescription had not been created.
There are certain criteria which must be met to establish an easement by prescription. The criteria were set out by the supreme court in Bull v. Salsman, 435 So.2d 27 (Ala.1983), as follows:
“[T]he claimant must use the premises over which the easement is claimed for a period of twenty years or more, adversely to the owner of the premises, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. The presumption is that the use is permissive, and the claimant has the burden of proving that the use was adverse to the oumer.”
Id. at 29 (citations omitted) (emphasis supplied).
In its order the trial court stated, in pertinent part:
“Certainly, if [Mixon] had title by prescription to the easement in question, there would have been no necessity to seek anyone’s permission to use the road. Therefore, [the Mixons] have not carried the burden of creating an easement by prescription to the real estate.
“The burden of proving adversity is upon [the Mixons] in this case because they are claiming the easement by prescription. The court is not satisfied that [the Mixons] have carried the burden of adversity since two of the [Mixons] testified that they sought and obtained the permission of ... Hall, on prior occasions.”
(Citations omitted.)
In our review of the record, we note that Mixon testified that he asked Hall for permission to use the road only a few months before this lawsuit was filed. Mixon also testified that on an earlier occasion, he called Hall to ask permission to “fill in” the wet *34 spots on the road, which had become ruts. Mixon’s father testified that Hall had always been very permissive in allowing use of the road.
In view of the above, the trial court did not err in its finding that Mixon failed to meet his burden of proving that the use of the road was adverse to the owner, Hall. Put another way, the judgment of the trial court cannot be reversed for concluding that the “presumption ... that the use [was] permissive,” Bull, 435 So.2d at 29, had not been overcome.
This case is due to be, and is, affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.