THOMAS, Judge.
 

 This is the second time these parties have been before this court. Louis B. Hanks, Margaret C. Hanks, and Tommy F. Clement own lands in Marion County that are divided by an old road, 10 feet wide, referred to in the testimony as a “field road,” a “logging road,” or a “wagon road.” The deeds of the Hankses and Clement describe the road as the boundary between their properties. Billy Mack Spann owns land at the southwest end of the road. Spann and his predecessors in title had used the road without objection
 
 *1236
 
 from the Hankses and Clement, or their predecessors in title, for more than 20 years. When Spann opened a fill-dirt pit on his property and began hauling dirt over the road, however, the Hankses and Clement sued Spann, seeking an order declaring that Spann had no right or interest in the road and enjoining Spann from using the road. Spann answered, asserting that he had an easement by prescription and an easement by necessity upon the road. Following a bench trial, the Marion Circuit Court, Judge Bobby R. Aderholt, determined that the Hankses and Clement had failed to prove that they owned the road separating their properties and that Spann had a prescriptive easement over the road.
 

 The Hankses and Clement appealed to the Alabama Supreme Court, which transferred that appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. In
 
 Hanks v. Spann,
 
 990 So.2d 399 (Ala.Civ.App.2008), this court reversed the judgment, holding that Judge Aderholt had erred by granting Spann a prescriptive easement over the road without determining who owned the road. We remanded the cause with instructions to “(1) determine the owner or owners of the logging road; (2) determine whether there exists an easement by prescription and/or necessity; and (3) if the court determines that an easement by prescription and/or necessity exists, determine whether the scope of the easement has been overburdened.” 990 So.2d at 403 (footnote omitted).
 

 On remand, the ease was assigned to Circuit Judge Talmage Lee Carter. Judge Carter reviewed the trial transcript and the exhibits that had been admitted in the proceeding tried before Judge Ader-holt, as well as briefs of the parties, and he entered a judgment on October 20, 2008, determining that the Hankses own to the center line on the south side of the road; that Clement owns to the center line on the north side of the road; that Spann has a prescriptive easement over the road; and that Spann has not overburdened the scope of the easement. The Hankses and Clement filed a postjudgment motion, alleging that the evidence was insufficient to support Judge Carter’s judgment and that Judge Carter had incorrectly applied the law to the facts. Following the denial of that motion, the Hankses and Clement appealed to the supreme court, which again transferred the appeal to this court pursuant to § 12-2-7(6). We affirm in part, reverse in part, and remand with instructions.
 

 Factual Background
 

 The following evidence was undisputed. The road in question runs over unimproved farm land and timberland. For more than 20 years, Spann and his predecessors in title, as well as other farmers and nearby property owners, had used the road with the knowledge of and without objection from the Hankses and Clement or their predecessors in title. Spann presented nine witnesses who testified that they had used the road for years without seeking permission from anyone. Danny Lou Spann, Billy Mack Spann’s 75-year-old sister, testified that she had used the road all of her life; she remembered someone’s stopping her on the road to tell her that President Franklin D. Roosevelt had died. Seventy-four-year-old William Burleson said that he had used the road to haul corn and cotton from the fields. He said that he did not think anyone minded his using the road and that, “[if] they did, they didn’t say anything about it.”
 

 Clement testified that he and the Hankses owned the road and that they did not mind if others used it. Louis Hanks agreed that he knew Spann and others had been using the road for years and that he
 
 *1237
 
 did not mind. Before Spann obtained his property, the use of the road had been confined to recreational or agricultural purposes, such as hunting, riding horses and bicycles, picking blackberries, feeding wild animals, and gaining access to gardens, farms, and individuals who were working in the fields. Sometime in the 1990s, Spann had cut timber on his property and had used the road to haul his timber out, at which time he had improved the road by putting down gravel, smoothing the road, and installing a culvert to keep the road from washing away in a low place. Shortly before the Hankses and Clement sued Spann in 2005, Spann had begun to sell top soil from a dirt pit on his property and had used the road to haul dirt to and from the pit.
 

 Standard of Review
 

 Because Judge Carter reviewed the record of the bench trial conducted by Judge Aderholt and heard no oral testimony, the ore tenus rule does not apply to our review of the judgment he rendered.
 
 See Ex parte Horn,
 
 718 So.2d 694, 705 (Ala.1998). We review de novo Judge Carter’s conclusions of law and his application of law to the facts.
 
 See Ex parte J.E.,
 
 1 So.3d 1002, 1008 (Ala.2008).
 

 Prescriptive Easement
 

 The evidence was undisputed that the road in question runs through unimproved land, that it has been used by local farmers and property owners, including Spann and his predecessors in title, for more than 20 years, that none of the users had sought the permission of the owners before they used the road, and that none of the users had been asked by the owners to discontinue their use of the road. During the trial of the case before Judge Aderholt in 2006, the following occurred on cross-examination of Spann:
 

 “Q. [By Mr. Vinson, counsel for the Hankses and Clement]: So [the Hanks-es and Clement, or their predecessors in title,] didn’t [mind] you using [the road] or your daddy using it. It was permissive?
 

 “MR. GROCHOLSKI [counsel for Spann]: I object to that. It is not permissive unless he testified he got express permission.
 

 “THE COURT: Sustained.”
 

 Judge Aderholt’s ruling on the objection was incorrect because it is settled law that Spann’s use of the road was
 
 presumed
 
 to be permissive.
 
 See Ford v. Alabama By-Products Corp.,
 
 892 So.2d 217 (Ala.1980):
 

 “ A private easement[
 
 1
 
 ] is not established merely by the use of the lands of another for a period of twenty years or more. Such use must have been adverse to the owner of the premises over which the easement is claimed, under claim of right, exclusive, continuous and uninterrupted, with actual or presumptive knowledge of the owner.’
 
 West v. West,
 
 252 Ala. 296, 40 So.2d 873 (1949). There is a presumption that the user is permissive rather than adverse unless shown otherwise. Also, such a permissive use does not ripen into a prescriptive or adverse use unless there has been such a repudiation of the permissive use as to afford notice of an adverse claim.
 
 Cotton v. May,
 
 293 Ala. 212, 301 So.2d 168 (1974).”
 

 
 *1238
 
 392 So.2d at 219.
 
 Cf. Cotton v. May,
 
 293 Ala. 212, 214, 301 So.2d 168, 169 (1974) (rejecting appellants’ “argument [that they had a prescriptive easement in a roadway] ... based on the testimony of numerous witnesses that they never had ‘to ask permission’ to use the roadway” because that “approach fail[ed] to meet the requirements for the acquiring of a private easement by prescription in this state”). To rebut the presumption that the use of a road is permissive, the user claiming a prescriptive easement has the burden of showing that his or her use was adverse to that of the owner for the 20-year prescriptive period.
 
 Bull v. Salsman,
 
 435 So.2d 27, 29 (Ala.1983).
 

 Judge Aderholt’s belief that the use of the road could not be permissive unless the user had received the owner’s
 
 express
 
 permission undoubtedly led him into the error demonstrated in the following portion of his February 23, 2007, judgment:
 

 “Plaintiffs claim that the defendant asked for permission since the year 2000 to use the road to haul timber out. Defendant denied this and stated that he did discuss improving, or doing some work on, the road and putting a gate and lock on it with Joel Clement, the father of one of the plaintiffs and that [Joel Clement] stated that that would be no problem.
 

 “That was the only evidence that the use of the road by defendant was permissive.
 
 But that is immaterial in this case because the evidence is overwhelming and uncontroverted that the defendant and his predecessors in title had been using this road for twenty or more years, before the plaintiffs ever acquired title to their property,
 
 without the permission of anyone.”
 

 (Emphasis added.)
 

 “[A]n easement by prescription ‘ “is not established merely by the use of the lands of another for a period of twenty years or more.” ’ ”
 
 Aman v. Gilley,
 
 [Ms. 2031166, September 2, 2005] — So.3d -, - (Ala.Civ.App.2005) (quoting
 
 Cotton v. May,
 
 293 Ala. at 214-15, 301 So.2d at 170, quoting in turn
 
 West v. West,
 
 252 Ala. 296, 297-98, 40 So.2d 873, 874 (1949)). Spann presented no evidence indicating that his use of the road was anything other than permissive.
 

 “ ‘[A] permissive occupant cannot change his possession into adverse title no matter how long possession may be continued, in the absence of a clear, positive and continuous disclaimer and disavowal of the title of the true owner brought home to the latter’s knowledge; there must be either actual notice of the hostile claim or acts or declarations of hostility so manifest and notorious that actual notice will be presumed in order to change a permissive or otherwise non-hostile possession into one that is hostile.’ ”
 

 Smith v. Persons,
 
 285 Ala. 48, 55, 228 So.2d 806, 811 (1968) (quoting
 
 Stewart v. Childress,
 
 269 Ala. 87, 93, 111 So.2d 8, 13 (1959), citing in turn
 
 White v. Williams,
 
 260 Ala. 182, 187, 69 So.2d 847, 851 (1954)). Spann presented no evidence indicating that he had engaged in any conduct that would have put the Hankses or Clement on notice that he was asserting a hostile claim to the road. On the contrary, Spann’s evidence indicated that his use of the road was undertaken in recognition of the superior rights of the Hankses and Clement. For example, Spann testified that when he cut timber on his property and used the road to haul out the timber, Louis Hanks “rode up on his tractor and confronted” him. When Spann explained to Hanks that he had no other way “to bring [his timber] out,” Hanks said, “Well, I don’t want you tearing the road up,” and Spann replied, “We are not going to tear
 
 *1239
 
 the road up. If we start making a problem we will stop hauling out.” Even Spann’s putting a locked gate across the road — an act that might, under other circumstances, have indicated a disavowal of the owners’ title,
 
 see Hinds v. Slack,
 
 293 Ala. 25, 30, 299 So.2d 717, 721 (1974) — was done in apparent deference to the rights of the Hankses and Clement. Spann testified:
 

 “I talked to Mr. Clement’s dad. I told him my plan was to put a gate up there to keep people from going in and out basically during hunting season. I also talked to Mr. Hanks at the same time. I said, I will give you a key to it. They both said we don’t need a key. I said, well, I gave the guy that lived in the trailer beside the gate, I give him a key so if anybody needed passage. Mr. Joel Clements called me one time and said I need to get in that gate. I said, I’ll unlock it and leave it unlocked.”
 

 Judge Aderholt incorrectly applied the law to the undisputed facts when he ruled that Spann had a prescriptive easement over the road. Judge Carter’s judgment perpetuated that error when he also determined, in his October 20, 2008, judgment on remand, that Spann had a prescriptive easement.
 
 See Aman v. Gilley,
 
 — So.3d at - (stating that the claimants “did not present any evidence to rebut the presumption that their use of the disputed property was permissive.... [T]he mere use of the disputed property for 20 years or more does not establish an easement by prescription.”).
 

 Easement by Necessity
 

 Because Judge Carter found that Spann had a prescriptive easement, he did not decide whether Spann had an easement by necessity. An easement by necessity requires a conveyance from a common owner or grantor.
 
 See Henderson v. Dunn,
 
 871 So.2d 807, 813 (Ala.Civ.App.2001). In
 
 Bull v. Salsman,
 
 435 So.2d at 29, the Alabama Supreme Court discussed the reason underlying that requirement:
 

 “A common law way of necessity is a type of easement by implication and ‘rests on the implication that the parties intended and agreed to provide for such a way.’
 
 Sayre v. Dickerson,
 
 278 Ala. 477, 491, 179 So.2d 57 (Ala.1965). For such an implication to arise, there must have been an original grantor who impliedly granted an easement across his remaining lands to the purchaser of the land-locked parcel. Therefore it has been stated that ‘[ojriginal unity of ownership of the dominant and servient tenements is always required for an easement of necessity.’
 
 Helms v. Tullis,
 
 398 So.2d 253, 255 (Ala.1981); see also,
 
 Burrow v. Miller,
 
 340 So.2d 779 (Ala.1976);
 
 Sayre v. Dickerson, supra; Hamby v. Stepleton,
 
 221 Ala. 536, 130 So. 76 (1930).”
 

 The evidence in the present case was undisputed that Spann’s property and the property owned by the Hankses and Clement did not have a common grantor and, thus, that there was no original unity of ownership. Accordingly, Spann could not have had an easement by necessity.
 

 The Scope of Spann’s Permissive Use
 

 Having determined that Spann had neither an easement by prescription nor an easement by necessity over the road, we conclude that Spann had only an implied license to use the road owned by the Hankses and Clement.
 
 See Tuders v. Kell,
 
 739 So.2d 1069, 1073 (Ala.1999) (quoting
 
 Restatement (Second) of Torts
 
 § 330 (1965), for the proposition that “ ‘[a] licensee is a person who is privileged to enter or remain on land only by virtue of the possessor’s consent’ ”). In
 
 Boyce v. Cassese,
 
 941 So.2d 932, 941 (Ala.2006), our su
 
 *1240
 
 preme court, quoting from Jon W. Bruce & James N. Ely, Jr.,
 
 The Law of Easements and Licenses in Land
 
 § 1:4 (West Group 2001), explained the difference between an easement and a license:
 

 “ ‘A license is often defined as permission to do an act or a series of acts on another’s land that, absent authorization, would constitute trespass. Because permission is the voluntary grant of a personal privilege, the landowner may usually revoke consent at any time and thereby terminate the license. Given their revocable nature, licenses generally are not considered to reach the status of interests in land. In contrast, easements are irrevocable interests in land of potentially perpetual duration.’ ”
 

 Just as the holder of an easement cannot alter the essential character of the easement or materially increase the burden on the servient estate,
 
 see Ex parte Lightwave Techns., LLC,
 
 971 So.2d 712, 718 (Ala.2007);
 
 Blalock v. Conzelman,
 
 751 So.2d 2, 6 (Ala.1999), one who enters property under a license becomes a “trespasser from the time when he goes beyond the purpose for which he was permitted to enter,”
 
 see Snedecor v. Pope,
 
 143 Ala. 275, 287, 39 So. 318, 323 (1905). The evidence at trial indicated that the purposes for which Spann and others had been permitted to use the road were limited to recreational pursuits and ingress and egress to agricultural fields. Louis Hanks testified:
 

 “Of course Billy Mack and people used [the road] for years. We knew that. We didn’t stop them. But when they started hauling, the road got larger and they started hauling dirt over there we were concerned [about] a big dirt pit, which trucks would be coming in and out of just like over on Smith Road there is a large dirt pit over there now. ' We were very concerned that this might happen over there and causing our property value to go down.”
 

 We hold that Spann’s use of the road to conduct his dirt-hauling operation was not within the purposes for which he and others had historically been permitted to use the road. Accordingly, we conclude that Spann’s heavy-truck, commercial use exceeded, in kind rather than extent, the scope of his implied license to use the road for recreational purposes or for ingress and egress to agricultural fields.
 
 See Weeks v. Wolf Creek Indus., Inc.,
 
 941 So.2d 263, 272 (Ala.2006).
 

 The Description of the Road Oumed by the Hankses and Clement
 

 Judge Carter’s judgment describes the road as follows:
 

 “beginning at the end of Ivey Street in Winfield, Alabama, and extending southeasterly along the property owned by Louis B. Hanks and Margaret C. Hanks and Tommy F. Clements
 
 in the SW HI of the SE HI
 
 of Section 15, Township 13 South, Range 12 West.”
 

 (Emphasis added.) The undisputed evidence at trial demonstrated that the road is, in fact, located in the
 
 southeast
 
 quarter of the
 
 southwest
 
 quarter of Section 15, Township 13 South, Range 12 West.
 

 Conclusion
 

 That part of Judge Carter’s judgment determining that the Hankses and Clement each own to the center line of the road in dispute is affirmed. That portion of the judgment erroneously describing the road as being located in the “SW 1/4 of the SE 1/4 of Section 15, Township 13 South, Range 12 West” is reversed, and the cause is remanded with instructions to correct the description to read as follows:
 

 “beginning at the end of Ivey Street in Winfield, Alabama, and extending southeasterly along the property owned by
 
 *1241
 
 Louis B. Hanks and Margaret C. Hanks and Tommy F. Clement in the SE 1/4 of the SW 1/4 of Section 15, Township 13 South, Range 12 West.”
 

 That portion of the judgment determining that Spann has a prescriptive easement over the road is reversed, and the cause is remanded with instructions to enter a judgment on that issue in favor of the Hankses and Clement.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
 

 BRYAN, J., concurs in the result, without writing.
 

 [1]
 

 . Because Spann did not assert that the road had become a public road by prescription, we assume that Spann’s claim was solely one for a private prescriptive easement and that the judgments of both circuit judges constituted awards of a private prescriptive easement.
 
 See Johnson v. Metro Land Co.,
 
 18 So.3d 962, 968 (Ala.Civ.App.2009).