MOORE, Judge.
Raymond H. Quinn, Gayle Quinn, Peggy Stough, Vaughn Stough, Elsie Arnette, and the Alabama Forest Resources Center, Inc. (hereinafter referred to collectively as “the landowners”), appeal from a judgment of the Coosa Circuit Court (“the trial court”) establishing an easement by prescription in favor of Joan Morgan and her children, Katherine Lynn Morgan, Alan W. Morgan, Stephanie Morgan Bowen, and Stephen Lee Morgan (hereinafter referred to collectively as “the Morgans”). We affirm the trial court’s judgment.

Procedural History

The Morgans filed a petition seeking to establish an easement by prescription along a path (“the roadway”) from the Morgans’ property to a public road; the roadway crosses the properties owned by the landowners.[1] The Morgans asserted, among other things, that their land is landlocked and is not adjacent or contiguous to any public road or highway and that they have no means to access their property other than through the landowners’ properties; they sought an easement by prescription over the landowners’ properties. Following a trial on June 18, 2015, the trial court entered an order on July 31, 2015, in which it concluded, among other things, that the Morgans had used the roadway adversely to the landowners and without their permission from the time they purchased their property and for a period of 20 years thereafter. The trial court granted the Morgans an unobstructed prescriptive easement across each of the landowners’ properties along the roadway, noting, among other things, that that easement shall run with the land. The landowners filed a postjudgment motion, which was denied on September 24, 2015. The landowners timely appealed to the Alabama Supreme Court; that court transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).

Facts

Joan Morgan testified that she and her husband, Morris Morgan, who is now deceased, had purchased 2.4 acres of property in Coosa County (“the Morgan property”) in 1986, that, at that time, they had to “go off Ridge Road” to access the Morgan property via the roadway, and that she had followed that same roadway to access the *1092 Morgan property from 1986 until the time of the trial in the present case. According to Joan, the Morgan property did not have any structures on it at the time she and Morris purchased it, but, she said, they had built a large pavilion and an outhouse on it shortly thereafter and had built a house on the Morgan property in 1997. Joan stated that they had visited the Morgan property continuously since they had purchased it; that she and Morris had moved into the house on the Morgan property in 2001 and had used it as their primary residence; and that, after Morris died in 2008, she had moved into a home in Alexander City, but she and her family had continued using the house on the Morgan property as a vacation home.
Raymond Quinn (“Randy”) testified that he had acquired his property along the roadway in 1981 and that he had acquired additional property along the roadway thereafter. Randy testified that, when he purchased his property in 1981, the roadway was basically a logging road, that it was almost impassable, and that he had begun maintaining the roadway after he purchased his property. According to Randy, he was the president of the Buck Hollow Hunting Club in 1986; he testified that the hunting club had leased property along the roadway in 1986, including a portion of his property, and that, in 1986, Morris had asked if Randy would give him permission to go through the hunting club’s gate along the roadway “and continue on down and through [Randy’s] property.” Randy testified that he had allowed Morris to cross his property along the roadway to get to the Morgan property.
Joan denied that Morris had spoken with Randy to get his permission to cross his property. She testified, on the contrary, that they had not had to get anyone’s permission to use the roadway and that they had never asked permission to use the roadway. According to Joan, nobody had granted her permission to use the roadway, she had “just always used it”; she also testified that, although there had been gates erected along the roadway after 1986, she had always been given a key to the locks on those gates. Alan Morgan, Joan’s oldest son, testified that he was 22 years old when his parents purchased the Morgan property and that, at the time of the purchase, Morris had spoken to the president of the Buck Hollow Hunting Club, which had erected a gate along the roadway off of Ridge Road, and asked if the Morgans could have a key to the gate. Alan stated that the president had given Morris a key and that Morris had also put a lock on that gate, which had remained there from 1986 until the time of the trial. According to Alan, other than on that one occasion, Morris had not had any conversations with anyone about permission to use the roadway.
Alan and Joan testified that they had decided to sell the Morgan property and that, in order for a prospective buyer to borrow money to purchase the Morgan property, they had to have an easement across the roadway allowing them access to the Morgan property. They testified that they had sent letters to the landowners asking for permission to create a deeded easement.

Standard of Review

“‘[W]here the evidence has been [presented] ore tenus, a presumption of correctness attends the trial court’s conclusion on issues of fact, and this Court will not disturb the trial court’s conclusion unless it is clearly erroneous and against the great weight of the evidence, but will affirm the judgment if, under any reasonable aspect, it is supported by credible evidence.’ ”
Reed v. Board of Trs. for Alabama State Univ., 778 So.2d 791, 795 (Ala.2000) (quot *1093 ing Raidt v. Grane, 342 So.2d 358, 360 (Ala.1977)).

Analysis

The landowners argue on appeal that the trial court erred in granting an easement by prescription in favor of the Morgans,
“To establish an easement by prescription, the claimant must use the premises over which the easement is claimed for a period of twenty years or more, adversely to the owner of the premises, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. The presumption is that the use is permissive, and the claimant has the burden of proving that the use was adverse to the owner. Cotton v. May, [293 Ala. 212, 301 So.2d 168 (1974) ]; Belcher v. Belcher, 284 Ala. 254, 224 So.2d 613 (1969); West v. West, 252 Ala. 296, 40 So.2d 873 (1949).”
Bull v. Salsman, 435 So.2d 27, 29 (Ala. 1983).
The landowners assert that the Morgans’ use of the roadway was permissive and, thus, that the Morgans could not prove use adverse to the landowners in order to establish an easement by prescription. The landowners argue that the circumstances in the present case are similar to those in both Cotton v. May, 293 Ala. 212, 301 So.2d 168 (1974), and Hanks v. Spann, 33 So.3d 1234 (Ala.Civ.App.2009), in which prescriptive easements were denied based on the permissive use of the properties at issue in those cases. In Cotton, our supreme court affirmed a judgment determining that the use of a “farm road” or “wagon road” had been permissive and concluded that testimony of witnesses “that they never had ‘to ask permission’ to use the roadway” failed to meet the requirements for the acquisition of a private easement by prescription. 293 Ala. at 214, 301 So.2d at 169.
In Hanks, this court determined that use of a “field road” or “logging road” was permissive when none of the users had sought the permission of the property owners before they used the road, none of the users had been asked by the owners to discontinue their use of the road, and express permission to use the road was never given. 33 So.3d at 1238. Additionally, in Hanks, on one occasion, one of the owners had confronted the user of the road about tearing the road up and the user had indicated that he would not tear up the road and that he would stop hauling timber along the road if it became a problem. Id. at 1238-39. The user of the road in Hanks also testified that he had told one of the owners that he planned to erect a gate along the road and indicated that he would give the owner a key or make a key available and that he had agreed to leave the gate unlocked when the owner needed access. Id. at 1239. This court determined that the user of the road had presented no evidence indicating that he had engaged in any conduct that would have put the owners on notice that he was asserting a hostile claim to the road and that the acts regarding the gate and the use of the road indicated, rather, that the use of the road had been undertaken in recognition of the owners’ superior rights thereto. Id. at 1238-39.
The Morgans, on the other hand, cite Belcher v. Belcher, 284 Ala. 254, 224 So.2d 613 (1969), and Roberts v. Wilbur, 554 So.2d 1029 (Ala.1989), among other cases, in support of their assertion that their use of the roadway was not permissive. In Belcher, our supreme court determined that, when the users of a right-of-way had used the right-of-way to access their property and the right-of-way was the only means of vehicular ingress and egress, the *1094 owners of the land had actual or presumptive knowledge of that use and that the use for over 20 years was a claim of right such that the granting of an easement was proper. 284 Ala. at 257, 224 So.2d at 615. In Roberts, our supreme court cited Belcher in support of its decision affirming a judgment holding that an easement by prescription had been created following the presentation of evidence indicating that friends and relatives of the user of the road at issue had used the road for over 20 years “in such a manner as to constitute sufficient notice to a landowner that the land was being adversely used.” 554 So.2d at 1030.
In the present case, evidence was presented indicating that Joan and Morris had purchased the Morgan property in 1986, that the Morgans had used the roadway to access the Morgan property since that time, and that the roadway is the only means of ingress and egress to the Morgan property. Joan testified that,' when she and Morris had first purchased the Morgan property, they had had the roadway graded several times down to the Morgan property. Alan testified that he and Morris had maintained the roadway from Ridge Road to the Morgan property, including cutting limbs back from the roadway, keeping the water drained from the roadway, and having gravel replaced on the roadway. According to Alan, Morris, Donald Macon, and another landowner, who was dismissed as a defendant in this action, had erected a gate along the roadway and Morris and yet another defendant, who also had been dismissed as a defendant in this action, had erected another gate along the roadway, thereby indicating Morris’s claim of exclusivity.. See Steele v. O’Neal, 87 So.3d 559 (Ala.Civ.App.2011).
Citing Hanks, the landowners argue that, after Joan and Morris purchased the Morgan property in 1986, additional gates had been erected along the roadway by various landowners, that each of the landowners had provided the Morgans a key to them respective gates, and that the act of giving the Morgans a key amounted to permission to access the roadway. We note, however, that, in Hanks, the party seeking the easement, not the property owner, had erected a gate and had offered to provide a key to one of the property owners or to otherwise assure him access through the gate, thereby, according to this court, recognizing the property owner’s superior right to the use of the road at issue in that case. Id. Thus, Hanks does not stand for the proposition asserted by the landowners.
The landowners further argue that Joan was given express permission to drive across the roadway pursuant to crossing-license agreements she had entered into with the Quinns and the Stoughs. Joan testified that she had signed documents entitled “crossing license,” which allowed her permission, as the licensee, to operate and transport motor vehicles across the properties along the roadway belonging to the Quinns and the Stoughs. We note, however, that those crossing-license agreements were signed by Joan on January 30, 2012. Because the 20-year prescriptive period regarding the roadway in the present case began in 1986, the licenses purporting to allow Joan express permission to access the roadway were created after the prescriptive period had ended and Joan already had apparently acquired an easement by prescription in the roadway by that time.
The landowners also argue that an incident in which Alan’s son had apologized to the Quinns for leaving a beer can along the roadway was in deference to the Quinns’ superior right to the roadway. See Hanks, supra. We note, however, *1095 that Alan testified that that incident had occurred approximately three years before the trial in June 2015. Because the prescriptive period had run before that incident occurred, any purported deference to the Quinns’ ownership evidenced by that incident occurred after Joan had apparently acquired an easement by prescription in the roadway. To the extent the landowners assert that the Morgans’ letter requesting the creation of an express easement acknowledged the landowners’ superior rights to the roadway, we note that such a request does not preclude a finding that an easement by prescription was created. See Andrews v. Hatten, 794 So.2d 1184 (Ala.Civ.App.2001).
Like in Belcher, the Morgans presented evidence indicating that, following Joan and Morris’s purchase of the Morgan property in 1986, the Morgans had used the roadway for 20 years as their only means of vehicular ingress and egress to the Morgan property, that they had used the roadway to access the Morgan property for recreational activities and to reach their dwelling, and that they had done so without permission. They erected a fence and maintained the roadway, claiming a right to the use of the roadway. Although Randy testified that he had had a discussion with Morris during which he had permitted Morris to use the portion of the roadway that crossed over his property, Joan and Alan testified that Morris had never asked permission to use the roadway.
A number of cases released after Bel-cher support the existence of an easement by prescription in this case. In Apley v. Tagert, 584 So.2d 816 (Ala.1991), our supreme court affirmed its statements in Belcher, concluding that
“it is not necessary that the party seeking an easement be the only one who has used or who has been entitled to use the road, ‘so long as he used it under a claim of right independently of others. ... [T]he user of another’s land for purposes of passage, if continued for the prescriptive period, may operate to create an easement of a right of way, although the owner of the land also passes upon the same line
584 So.2d at 819 (quoting Belcher, 284 Ala. at 257, 224 So.2d at 615; emphasis added in Apley). In the present case, like in Apley, in which our supreme court affirmed the creation of a prescriptive easement, the Morgans used the roadway for the prescriptive period, and the evidence indicates that the landowners were aware that the Morgans were using the roadway to access the Morgan property. See Apley, 584 So.2d at 819.
In Weeks v. Herlong, 951 So.2d 670 (Ala. 2006), our supreme court affirmed a judgment finding that a prescriptive easement had been created when the landowner seeking the easement and his predecessors, “openly and without the permission of the owner of the land, [had] continuously used [the road at issue] ... as a means of ingress and egress to their property since 1965.” 951 So.2d at 679. Our supreme court particularly noted that, because ore tenus evidence had been presented in that case, the trial court had resolved any conflicts in the facts in favor of the landowner seeking the easement and held that the trial court’s resolution of whether a prescriptive easement had been created in that ease was “supported by reasonable inferences to be drawn from the ore tenus evidence,” and, thus, our supreme court determined, the trial court’s decision was neither palpably erroneous nor manifestly unjust. Id. Like in Weeks, the Morgans had openly and, without permission of the landowners, continuously used the roadway since 1986 to access the Morgan property. This court may infer *1096 that that use was exclusive, adverse, and under a claim of right considering the evidence presented indicating that the Morgans had used the Morgan property for recreation, had built a house on the Morgan property, had constructed gates blocking the roadway, and had maintained the roadway. Like in Weeks, the trial court’s resolution of the evidence presented in the present case is not palpably erroneous or manifestly unjust.
Our supreme court also relied heavily on the ore tenus rule in Ex parte Gilley, 55 So.3d 242, 245-47 (Ala.2010), in affirming the trial court’s judgment holding that a prescriptive easement had been created along a piece of property that had been used by the parties seeking the easement and their predecessor in title for more than 20 years. In Gilley, the disputed property had been used without express permission as the only means of ingress and egress to the property owned by the parties seeking the easement for over 20 years. Id. at 246. Applying the presumption of correctness accorded a trial court’s judgment in boundary-line disputes, our supreme court affirmed the trial court’s judgment determining that a prescriptive easement had been created. Id. at 247.
In the present case, like in Weeks and Gilley, evidence was presented indicating that the Morgans had used the roadway for over 20 years as the only means of ingress and egress to the Morgan property. The trial court’s determination that that evidence, along with evidence regarding the Morgans’ maintenance of the roadway, their construction of gates along the roadway, and their use of the roadway to build and access a house on the Morgan property, supported the creation of a prescriptive easement is not erroneous, and we decline to substitute our judgment for that of the trial court in this case. We therefore affirm the trial court’s judgment granting an easement by prescription in favor of the Morgans over the roadway.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. Joan Morgan filed the original petition in only her name on January 6, 2014, naming a number of defendants. Between the filing of the original petition and the trial on June 18, 2015, Joan's children were added as plaintiffs, a number of parties were added as defendants, and several named parties were dismissed as defendants, leaving only the landowners, Henry Alvin Miller, Garrett Steed, Cyrus Steed, Larry Reams, Dewey Reams, Retex Inc. Profit Sharing Plan, Donald Macon, Twila Macon, and Alabama Ag Credit, FLCA ("AAC”), as defendants at the time of the trial. We note that the Morgans, Raymond Quinn, and AAC filed a stipulation that AAC holds a valid first-priority mortgage on a portion of the Quinns' property over which the roadway travels, that the mortgage would remain valid regardless of the outcome of the trial, and that the parties had no objection to AAC’s nonappearance at trial. The Alabama Forest Resources Center, Inc., holds a conservation easement from the Stoughs in the Stoughs’ property along the roadway. Only the landowners appealed from the trial court’s judgment.