301 So.2d 168

Minnie **COTTON** et al., etc.

v.

Ramona G. **MAY** et al.

SC 756.

Supreme Court of Alabama.

Sept. 19, 1974.

D. N. Hamilton, Montgomery, for appellees.

J. Paul Lowery, Montgomery, for appellants.

MERRILL, Justice.

This appeal is from a decree in a declaratory judgment action in which plaintiffs-appellants sought to enjoin defendants

from blocking a roadway and to have the roadway declared a private easement.

Appellants' bill averred that they owned a farm of 160 acres and appellees owned a tract of land adjoining theirs; that they and their predecessors in title had had a roadway easement over appellees' land for more than twenty-five years; that appellees had blocked the roadway and forbade appellants to repair it; and that appellants were landlocked and had no way to get to a public road except across appellees' land. The prayer asked that the roadway be opened, that the appellees be perpetually enjoined from obstructing it, and that the easement over the lands be declared to be perpetual.

Fourteen witnesses were heard by the trial court and the decree, entered November 6, 1973, reads in part:

"* * * and the Court understanding the testimony and evidence presented, is of the opinion, and finds as a fact that the Plaintiffs' use of the roadway, which crosses the real property of the Defendants, was permissive and that such use of the roadway by the Plaintiffs was not adverse to the owners; that the Plaintiffs are not entitled to the relief prayed for in their Bill of Complaint; it is, therefore,

"ORDERED, ADJUDGED and DECREED:

"1. That the use of the roadway across the Defendants' real property was not adverse to the owners of said property, rather, that such use was by permission of the owners.

"2. That the Plaintiffs are not entitled to have said roadway opened for their use by an injunction of this Court, and the same is hereby denied.

"3. That the Plaintiffs are not entitled to the relief prayed for in their Bill of Complaint and that the said relief is hereby denied."

Appellants' case on appeal rests solely on their claim that they and their predecessors in title have been in continuous adverse use of the road for a sufficient length of time to create a private easement by prescription.

■ Much of appellants' argument is based on the testimony of numerous witnesses that they never had "to ask permission" to use the roadway. This approach fails to meet the requirements for the acquiring of a private easement by prescription in this state.

Admittedly, there is a conflict of authority as to whether the use of a claimed easement under prescriptive right raises a presumption of permissive user. See Annotation 170 ALR 776. The annotation cites many states as following the majority rule that the breach of possession is a wrong and "it is presumed that no man would suffer another to enjoy an easement in his land if he could help it, * * *."

The minority rule is expressed on page 793 of the annotation as follows:

"In general, the rejection of any broad legal presumption of adverseness rests upon a revolt against the ancient platitude of the common law. It denies that under modern conditions the repeated use by one owner of the adjacent land of another, for some harmless convenience in the enjoyment of his own land, is such an appropriation of it as to imply a claim of title on his own part or a recognition of such a title on the other's part. In the absence of anything to indicate such a claim, the use is said to be more consistent with a neighborly accommodation than with an adversative position on the part of either."

■ Alabama follows the minority rule. This is pointed out in West v. West, 252 Ala. 296, 40 So.2d 873. Four principles stated or quoted in *West* are applicable here:

1. "A private easement is not established merely by the use of the lands of anoth-

er for a period of twenty years or more. Such use must have been adverse to the owner of the premises over which the easement is claimed, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. (Citations omitted.)"

2. To establish a private easement, the prima facie sufficiency of the proof is clearly different from that necessary to establish a dedication to the public use.

3. To create such an easement, there must be evidence that the use was adverse to the owner. Such nature of use will not be presumed, but evidence must be such that its adverse nature is a proper inference.

4. The presumption is that the user is permissive rather than adverse, unless it is shown otherwise.

Another principle is that a permissive possession does not ripen into title adverse to the owner unless there has been such a repudiation of the permissive possession as to afford notice of an adverse claim. Smith v. Persons, 285 Ala. 48, 228 So.2d 806; White v. Williams, 260 Ala. 182, 69 So.2d 847.

The last cited case also states:

"While acts, [of the adverse claimant] such as are usually done or performed only by the owner, or one asserting ownership, are legal evidence to go before the jury on the question of adverse holding, or of asserted claim of right, they are still only evidence to be weighed against the other evidence. They are not the equivalent of a claim of right. The latter is a conclusion of fact, to be found, or not found, by the jury; the former is only testimony tending to prove such fact. Humes v. Bernstein, 72 Ala. 546, 556."

The roadway in question here was variously described by witnesses for both sides as a "trail," "farm road," "pasture road" or a "wagon road." It was not a public road according to two of appellants' witnesses.

There was evidence to support the finding of the court that the use was permissive. This was a finding of fact by the trial court. As noted by the last quoted statement from White v. Williams, supra, the evidence of adverse possession is not equivalent to a claim of right, or a right as a matter of law, but is to be weighed by the jury or the trier of fact in reaching a conclusion.

Where the trial court sees and hears the witnesses testify, its findings which determine questions of fact will not be disturbed on appeal unless plainly wrong or manifestly unjust. Jones v. Wise, 282 Ala. 707, 213 So.2d 914; Belcher v. Belcher, 284 Ala. 254, 224 So.2d 613. We cannot say that the decree of the trial court was plainly erroneous or manifestly unjust.

This covers the main questions raised on appeal. We note the allegation that appellants were landlocked. This allegation was not proved and there was evidence that appellants had access to another public road without using the roadway in question.

Moreover, we have held that a landlocked person without a right of way for ingress and egress cannot have a way condemned in circuit court originally, but must proceed under Tit. 19, § 56, Code 1940. Aland v. Graham, 287 Ala. 226, 250 So.2d 677; McCurdy v. Samples, 262 Ala. 485, 80 So.2d 224.

Appellants rely mainly on the case of Belcher v. Belcher, 284 Ala. 254, 224 So.2d 613. But the trial court in that case found that the use of the roadway had been adverse to the owner for more than twenty years and that it was the only practicable means of ingress and egress to complain-

ants' land and residence. Here, as already noted, the trial court found that the use was not adverse to the owner but merely permissive.

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.