306 So.2d 21

**Awad N. AWAD**

v.

**Angel Marinakis AWAD.**

**Civ. 365.**

Court of Civil Appeals of Alabama.

Jan. 8, 1975.

John Martin Galese, Birmingham, for appellant.

No brief for appellee.

WRIGHT, Presiding Judge.

This is a divorce case. Defendant appeals from the provisions of the decree granting alimony and a division of property.

The complaint of plaintiff averred jurisdiction of the parties and alleged the grounds of incompatibility, irretrievable breakdown of the marriage and cruelty. The prayer requested a divorce, custody of a minor son and general relief. No request was contained in the complaint for child support, alimony, division of property or attorney fees. The decree granted the relief requested and additional relief of child support, alimony, division of property and attorney fees. Defendant submits that the court erred in granting the relief not requested.

In support of the error assigned, defendant cites the cases of Northcutt v.

Northcutt, 262 Ala. 98, 77 So.2d 336, Smith v. Smith, 243 Ala. 488, 10 So.2d 664, Jones v. Jones, 228 Ala. 178, 153 So. 203. These cases pre-date the adoption of the Alabama Rules of Civil Procedure (July, 1973). They were decided under the Equity Rules which have been superseded by the Rules of Civil Procedure. Rule 54(c) provides the answer to the argument of defendant that no relief may be granted unless supported by pleading in the complaint. The appropriate portion of Rule 54(c) is as follows:

"Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

The same principle is enunciated by Rule 15(b) where it is stated:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

Rule 61 is also related to the principle that mere procedural defects shall not affect the result. The judgment shall reflect what has been proved rather than what has been pleaded.

The parties presented extensive evidence of the financial condition of the parties, particularly of the defendant. The issues presented by the proof were clearly related to alimony and support, though there was no specific evidence of the requirements of the plaintiff nor the child for alimony and support. We find sufficient inferential evidence to support the award of the court.

■ The decree awarded to plaintiff as alimony $4,000.00 during 1974 and $4,000.00 during 1975, and placed a lien upon two lots owned by defendant's corporation to secure payment of such sums. Defendant was restrained from disposing of the lots without paying the alimony. Title of defendant to an apartment house was divested and given to plaintiff.

Defendant charges error in such actions and says that the effect is the granting of both lump sum or gross alimony and periodic alimony unlawfully in the same decree. He cites our case of Welch v. Welch, 49 Ala.App. 647, 275 So.2d 162 (1973) as authority. Without commenting whether the decree, in fact, awards both alimony in gross and periodic alimony we observe that *Welch* is not authority for the proposition submitted. *Welch* was overruled by the Supreme Court in Hager v. Hager, 299 Ala. 743, 299 So.2d 743 (1974).

■ Defendant's argument is not tenable that the restrictions placed upon his disposing of the lots makes it impossible to sell them and the houses built thereon. The decree merely insures that the property may not be sold unless the lien for alimony is paid from the proceeds. The court is open to assistance in implementing its decree, if such implementation becomes necessary.

No reversible error having been shown, the decree of the trial court is affirmed.

Affirmed

BRADLEY and HOLMES, JJ., concur.