SHORES, Justice.
This appeal is from a decree in an action in which the plaintiff-appellant sought to enjoin the defendants from using a road which traverses the plaintiff’s property and leads to that of the defendants. The complaint also asked the court to determine the respective rights of the parties to use the road and specifically sought a determination that only the plaintiff had a right to use the road.
After a trial, the court entered its decree finding all issues in favor of the defendants. Plaintiff appealed. We affirm.
There is evidence in the record which would permit a finding that the defendants had acquired a private easement by prescription to this roadway, thus justifying denial of the relief sought by the plaintiff. The evidence shows that the plaintiff acquired her five-acre tract in 1937. Defendant R. L. Oglesby acquired two acres adjacent to and west of the plaintiff’s property in 1939 and began to use the roadway over the plaintiff’s property. This roadway was the only access to Oglesby’s property. From the late thirties to the present, almost fifty years, R. L. Oglesby, his family, assigns, and successors have used this road continually as their means of ingress to and egress from the Oglesby property.
The evidence was disputed on the issue of permissive user. The defendants’ evidence would support a conclusion that their use was without the plaintiff’s permission and was adverse to her title. The plaintiff contended the use by the defendants was by permission. The trial court resolved the issue in favor of the defendants. Although Alabama indulges a presumption that the use of a roadway across the lands of another is permissive, the presumption is rebuttable, and the evidence in this case, if believed by the factfinder, supports the conclusion that the presumption of permissive use was overcome.
The controlling law in this state in a case like this is stated in West v. West, 252 Ala. *889 296, 40 So.2d 873 (1949), cited with approval in Cotton v. May, 293 Ala. 212, 301 So.2d 168 (1974):
Four principles stated or quoted in West are applicable here:
1. “A private easement is not established merely by the use of the lands of another for a period of twenty years or more. Such use must have been adverse to the owner of the premises over which the easement is claimed, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. (Citations omitted.)”
2. To establish a private easement, the prima facie sufficiency of the proof is clearly different from that necessary to establish a dedication to the public use.
3. To create such an easement, there must be evidence that the use was adverse to the owner. Such nature of use will not be presumed, but evidence must be such that its adverse nature is a proper inference.
4. The presumption is that the user is permissive rather than adverse, unless it is shown otherwise.
Another principle is that a permissive possession does not ripen into title adverse to the owner unless there has been such a repudiation of the permissive possession as to afford notice of an adverse claim. Smith v. Persons, 285 Ala. 48, 228 So.2d 806; White v. Williams, 260 Ala. 182, 69 So.2d 847.
293 Ala. at 214-215, 301 So.2d 168.
In Cotton v. May, supra, this Court affirmed the trial court, noting that there was evidence to support a finding that the use was permissive. Here we affirm because there was evidence to support a finding that it was not. Belcher v. Belcher, 284 Ala. 254, 224 So.2d 613 (1969), is a case similar to the one before us. In affirming the trial court’s finding that the use was adverse, the Court said:
The main thrust of appellants’ argument in brief is that the use of the road was permissive, that the use was not adverse and it was not exclusive. Appellants rely on West v. West, 252 Ala. 296, 40 So.2d 873, where we cited numerous authorities for the principle that a private easement is not established merely by the use of the lands of another for a period of twenty years or more. Such use must have been adverse to the owner of the premises over which the easement is claimed, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. We also noted that we follow the minority rule applicable to private easements in that there must be evidence that the use was adverse to the owner; that such nature of use will not be presumed, but the evidence must be such that its adverse nature is a proper inference.
Appellants contend that the use of the road by appellees and their predecessors in title was neither under claim of right or adverse. The evidence, or the inferences therefrom, reveal that for more than twenty years, the occupants of dwellings on appellees’ land used the road to haul their belongings in and out, that one of them had paid one of the appellants to pull his automobile out of mu-dholes three or four times with a tractor when it was stuck on the road, that their children used the road to go to and from school, that their visitors used the road when they used their automobiles to visit them and that the road was the only means of vehicular ingress and egress. We cannot agree that there was no claim of right when all of the above-mentioned activity took place on the only roadway leading to and from dwellings for over twenty years. Certain it is that the owners of appellants’ land through the years had actual or presumptive knowledge of the use and that the use had been made for more than twenty years prior to the purchase of the land by appellants.
284 Ala. at 256-257, 224 So.2d 613.
The defendants produced evidence of similar use in this case extending over several decades, and we cannot say that the decree of the trial court was plainly erroneous or manifestly unjust. Belcher v. Belcher, supra.
*890 The decree appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.