The plaintiff, Angus Carr, appeals from a judgment for the defendant. The trial *Page 1067 
judge, as the trier of fact, determined that Carr had not met his burden of proving that he had obtained a prescriptive easement or an easement by necessity across the property of the defendant, Leroy Turner.
At the outset, we note that because the evidence in this cause was presented ore tenus, the determinations of the trial judge will not be reversed unless found to be "plainly erroneous or manifestly unjust." Ford v. Alabama By-ProductsCorp., 392 So.2d 217 (Ala. 1980); Tidwell v. Strickler,457 So.2d 365 (Ala. 1984).
Angus Carr purchased his property, which is adjacent to the property of Leroy Turner, from John Ezzell. Ezzell, it seems, had occasionally used a driveway located on Turner's property to gain access to his own property. When Carr acquired Ezzell's land, Carr continued to do the same. Carr contended that he had used the road as an access to his land over the years and that, having done so, he had obtained an easement by prescription.[1] In the alternative, Carr argued that portions of his property are inaccessible during rainy weather except by Turner's driveway and, therefore, that he was entitled to an easement by necessity. The trial court held against him in regard to both contentions. We affirm.
We will first address Carr's argument that he was entitled to an easement by necessity. There was conflicting evidence as to whether Carr's property could be reached only by Turner's driveway or whether there was other access to Carr's property via a road located to the east of the driveway, which road gave direct access to Carr's property. Carr does not dispute the existence of a road to the east of his property; however, he contends that it is difficult to reach certain portions of his property from that direction due to the terrain and that access by that road is also cut off following a rain. Turner, in turn, offered testimony that after he had closed the driveway in question, he observed farming equipment and fertilizer trucks on Carr's property.
 "The law in this case is well settled. If one has a way through his own land, he cannot impose a 'way of necessity' through his neighbor's land, unless his own way is not reasonably adequate or its cost is prohibitive. Southern Railway Co. v. Hall, 267 Ala. 143, 100 So.2d 722 (1958). See, also, 28 C.J.S., Easements, § 54(b), at 718. Mere inconvenience or mere cost, as the basis for using another's land to get access to one's own property, falls short of meeting this test. Benedict v. Little, 288 Ala. 638, 264 So.2d 491 (1982). The burden of proof, of course, is upon the one who seeks to impose a 'way of necessity' irrespective of which party initiates the proceedings."
Oyler v. Gilliland, 382 So.2d 517, 519 (Ala. 1980). Thus, the mere fact that Carr's alternate access was not as convenient or as cost efficient to use as was Turner's driveway is not, in itself, proof of an entitlement to an easement by necessity.
With regard to Carr's claim of an easement by prescription, there was evidence indicating that Ezzell and Carr's father, when he was managing Carr's property for Carr, had asked Turner's permission to use the driveway in question. The evidence was disputed as to whether Carr himself had asked permission to use the driveway. The trial court certainly was not plainly and palpably wrong in determining that the use of Turner's driveway, therefore, was permissive through the years and that an easement by prescription had not been created.
 " 'A private easement is not established merely by the use of the lands of another for a period of twenty years or more. Such use must have been adverse to the owner of the premises over which the easement is claimed, under claim of right, exclusive, continuous and uninterrupted, with actual or presumptive knowledge of the owner.' West v. West, 252 Ala. 296, 40 So.2d 873 (1949). There is a presumption that the use is permissive rather than adverse unless shown *Page 1068 
otherwise. Also, such a permissive use does not ripen into a prescriptive or adverse use unless there has been such a repudiation of the permissive use as to afford notice of an adverse claim. Cotton v. May, 293 Ala. 212, 301 So.2d 168
(1974)."
Ford v. Alabama By-Products Corp., 392 So.2d 217, 219
(Ala. 1980).
We cannot say that the trial court erred in its determination that the plaintiff had no easement. The judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.
[1] There is no dispute that Turner knew of Carr's use of his driveway.