0?i Application for Rehearing

THOMPSON, Judge.
The opinion of June 24, 2005, is withdrawn, and the following is substituted therefor:
Demarius Hughes Aman appeals the judgment of the trial court finding that Michael J. Gilley and Susan Helms Gilley own an easement across a portion of Aman’s real property. We reverse and remand.
Aman sued the Gilleys, who are coterminous landowners on the southern boundary of Aman’s real property, to quiet title to a 120-acre parcel of real property and to enjoin them from interfering with a fence erected by Aman and her husband. The Gilleys answered, claiming to have paid taxes on a strip of land 20 feet wide and 975 feet long purportedly located within the 120-acre parcel. The Gilleys counterclaimed for a determination of the boundary line between their property and Aman’s property, and they claimed ownership of the strip of land by adverse possession for a period of 10 years. The case was tried before a judge without a jury.
During the trial, the parties stipulated that the 20 foot by 975 foot strip of land was a public dirt road. At trial, however, the parties disputed the ownership of an additional strip of land (hereinafter “the disputed property”) approximately 20 feet wide and approximately 200 feet long located at the end of the dirt road; the Gilleys use the disputed property as a driveway. At trial, the Gilleys claimed to own the disputed property through adverse possession.
In their posttrial brief, for the first time, the Gilleys claimed to own an easement by prescription over the disputed property. In her posttrial brief, Aman argued to the trial court that the Gilleys had not claimed an easement by prescription before or at trial and that, therefore, they were not entitled to an easement by prescription. Aman specifically directed the court’s attention to Michael Gilley’s trial testimony that the Gilleys were claiming ownership of the disputed property by adverse possession. Aman also argued that the Gil-leys had failed to prove that their possession of the disputed property was exclusive and hostile. The trial court entered a judgment finding that “the Gilley[s] have acquired an easement or right of way down the roadway including the driveway in question and that the Gilley[s] shall be entitled to use the road and driveway free of any interference from [Aman] or [Aman’s] agents or employees.”
When evidence is presented ore tenus and the trial court “ ‘resolves conflicting questions of fact in favor of one of the parties, its findings will not be disturbed on appeal unless they were clearly erroneous or manifestly unjust.’ ” Lilly v. Palmer, 495 So.2d 522, 525 (Ala.1986) (quoting Scarbrough v. Smith, 445 So.2d *238 553, 555 (Ala.1984)). “The presumption of correctness is particularly strong in adverse possession cases, because it is difficult for an appellate court to review the evidence in such cases.” Rice v. McGinnis, 653 So.2d 950, 950 (Ala.1995). However, when the question presented on appeal is one of law, the ore tenus rule has no application. Ex parte Perkins, 646 So.2d 46, 47 (Ala.1994).
Aman contends on appeal that the trial court erred in granting the Gilleys a prescriptive easement because the Gil-leys did not allege that they had acquired an easement by prescription in their counterclaim and because Michael Gilley specifically testified at trial that the Gilleys were claiming ownership of the disputed property by adverse possession.
“At the outset, we note that Rule 54(c) of the Alabama Rules of Civil Procedure gives the trial court the discretion to award any relief a party is entitled to, even if the party has not specifically requested such relief. The rule provides, in pertinent part:
“ ‘Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.’
“The same principle is enunciated by Rule 15(b), [Ala. R. Civ. P.,] where it is stated:
“ ‘When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.’
“We find that these provisions make clear the fact that the trial court is empowered with the discretion to award relief to a party, even when such relief is not specifically requested in the complaint. See Awad v. Awad, 54 Ala.App. 154, 306 So.2d 21 (Ala.Civ.App.1975).”
Beason v. Beason, 571 So.2d 1155, 1156 (Ala.Civ.App.1990). Thus, it was within the trial court’s discretion, if it determined that the issue had been tried by the implied consent of the parties, to award the Gilleys relief not requested in their counterclaim, i.e., an easement by prescription. However, a trial court can grant relief not specifically requested in a complaint or counterclaim only when the party seeking such relief has met its burden of proving the elements of that claim.
Therefore, we address Aman’s claim that the Gilleys failed to meet their burden of proof to establish their claim of an easement by prescription. The Alabama Supreme Court has identified the elements necessary to establish an easement by prescription as follows:
[T]he claimant must use the premises over which the easement is claimed for a period of twenty years or more, adversely to the owner of the premises, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. The presumption is that the use is permissive, and the claimant has the burden of proving that the use is adverse to the owner.” ’
“Apley v. Tagert, 584 So.2d 816, 818 (Ala.1991) (citation omitted) (emphasis added).”
Hollis v. Tomlinson, 585 So.2d 862, 863 (Ala.1991). A permissive use of lands does not ripen into an adverse use until there has been a repudiation of the permissive use so as to afford the owner notice of an adverse claim. Cotton v. May, 293 Ala. 212, 301 So.2d 168 (1974); Gonzalez v. Naman, 678 So.2d 1152 (Ala.Civ.App.1996). Furthermore, an easement by prescription “ ‘is not established merely by *239 the use of the lands of another for a period of twenty years or more.’” Cotton v. May, 293 Ala. at 214-15, 301 So.2d at 170 (quoting West v. West, 252 Ala. 296, 297-98, 40 So.2d 873, 874 (1949)). Accord Carr v. Turner, 575 So.2d 1066, 1067-68 (Ala.1991); Fisher v. Higginbotham, 406 So.2d 888, 889 (Ala.1981); Ford v. Alabama By Products Corp., 392 So.2d 217, 219 (Ala.1980); Belcher v. Belcher, 284 Ala. 254, 256, 224 So.2d 613, 614 (1969); Loveman v. Lay, 271 Ala. 385, 392, 124 So.2d 93, 98 (1960); Roberts v. Monroe, 261 Ala. 569, 577, 75 So.2d 492, 499 (1954); and West v. West, 252 Ala. 296, 297-98, 40 So.2d 873, 874 (1949).
In 1975, Leonard Helms conveyed to the Gilleys approximately an acre and a half of property in the midst of property he owned; Helms is Susan Gilley’s father and Michael Gilley’s father-in-law. At trial, the parties stipulated that a dirt road branching off County Road 68 and ending at the northeast corner of the Gilleys’ real property is a public road and is maintained by Geneva County. The public dirt road forms the southern boundary of Aman’s property until the road terminates at the northeastern corner of the Gilleys’ property; the northern boundary of the Gilleys’ property then marks the southern boundary of Aman’s property. Helms retained property to the west of the Gilleys’ property on the southern boundary of Aman’s property. Aman’s father is her predecessor-in-title to her property.
The property in dispute is approximately 20 feet wide and approximately 200 feet long; it commences at the end of the dirt road in the northeast corner of the Gilleys’ property on the southern boundary of Aman’s property and “curves out” into Aman’s property. The Gilleys use the disputed property as a driveway. The only issue before the trial court was whether the Gilleys’ use of the disputed property was adverse to Aman. See Hollis v. Tomlinson, 585 So.2d at 863.
Helms testified that during the time he owned the property now owned by the Gilleys, he used the disputed property. Helms has continued to use the disputed property to access the portion of his property that lies to the west of -the Gilleys’ property. Helms testified that Aman’s father, who owned Aman’s property until approximately 2000, did not mind his using the disputed property to access his property. Helms testified that he did not do anything antagonistic to the interest of Aman’s father when he used the disputed property.
Michael Gilley testified that he had used the disputed property as a driveway during the entire time the Gilleys have owned their property. Michael Gilley admitted that Helms, Aman’s father, and Aman’s husband had also used the disputed property during the 26 years that the Gilleys had lived on their property. He admitted that he had never maintained the disputed property, but he claimed that Geneva County had graded the public dirt road and the disputed property at least once a month.
Larry Everett, a County Commissioner for Geneva County, testified that the county had graded the public road. In response to a question whether the county had graded the disputed property in this action, Everett testified that, to his knowledge, it had not, and that the person employed by the county to conduct the grading was only authorized to grade to the end of the public road. Mark Carroll, the person who performed the grading for the county, testified that he had graded the public road and the disputed property.
The Gilleys’ use of the disputed property was presumed to be permissive. Hollis v. Tomlinson, supra. The Gilleys did not present any evidence to rebut the pre *240 sumption that their use of the disputed property was permissive. The Gilleys presented only evidence that they had used the disputed property for 26 years as a driveway. However, as stated earlier, the mere use of the disputed property for 20 years or more does not establish an easement by prescription. Cotton v. May, supra; Carr v. Turner, supra; Fisher v. Higginbotham, supra; and Ford v. Alabama By Products Corp., supra. Therefore, the Gilleys failed to prove adverse use of the disputed property, which is an essential element to establish their entitlement to an easement by prescription. Accordingly, we must conclude that the trial court erred in awarding an easement by prescription. The judgment of the trial court is reversed, and this cause is remanded for the entry of a judgment consistent with this opinion.
OPINION OF JUNE 24, 2005, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, with writing, which CRAWLEY, P.J., joins.