PER CURIAM.
 

 Michael J. Gilley and Susan Helms Gil-ley petitioned this Court for a writ of certiorari to review the Court of Civil Appeals’ decision reversing the trial court’s decision granting the Gilleys a prescriptive
 
 *243
 
 easement over Demarius Hughes Aman’s property. See
 
 Aman v. Gilley,
 
 55 So.3d 235 (Ala.Civ.App.2005). We granted cer-tiorari review to consider whether the Court of Civil Appeals’ decision conflicts with our precedent concerning the application of the ore tenus rule in a case such as this one. See Rule 39(a)(1)(D), Ala. R.App. P. For the following reasons, this Court reverses the Court of Civil Appeals’ judgment.
 

 Facts and Procedural History
 

 In its opinion, the Court of Civil Appeals summarized the relevant procedural history and the undisputed facts as follows:
 

 “Aman sued the Gilleys, who are coterminous landowners on the southern boundary of Aman’s real property, to quiet title to a 120-acre parcel of real property and to enjoin them from interfering with a fence erected by Aman and her husband. The Gilleys answered, claiming to have paid taxes on a strip of land 20 feet wide and 975 feet long purportedly located within the 120-acre parcel. The Gilleys counterclaimed for a determination of the boundary line between their property and Aman’s property, and they claimed ownership of the strip of land by adverse possession for a period of 10 years. The case was tried before a judge without a jury.
 

 “During the trial, the parties stipulated that the 20 foot by 975 foot strip of land was a public dirt road. At trial, however, the parties disputed the ownership of an additional strip of land (hereinafter ‘the disputed property’) approximately 20 feet wide and approximately 200 feet long located at the end of the dirt road; the Gilleys use the disputed property as a driveway. At trial, the Gilleys claimed to own the disputed property through adverse possession.
 

 “In their posttrial brief, for the first time, the Gilleys claimed to own an easement by prescription over the disputed property. In her posttrial brief, Aman argued to the trial court that the Gilleys had not claimed an easement by prescription before or at trial and that, therefore, they were not entitled to an easement by prescription. Aman specifically directed the court’s attention to Michael Gilley’s trial testimony that the Gilleys were claiming ownership of the disputed property by adverse possession. Aman also argued that the Gilleys had failed to prove that their possession of the disputed property was exclusive and hostile. The trial court entered a judgment finding that ‘the Gilley[s] have acquired an easement or right of way down the roadway including the driveway in question and that the Gilley[s] shall be entitled to use the road and driveway free of any interference from [Aman] or [Aman’s] agents or employees.’ ”
 

 Aman,
 
 55 So.3d at 237.
 

 Before the Court of Civil Appeals, Aman argued that the trial court erred in granting the Gilleys a prescriptive easement because the Gilleys did not allege that they had acquired an easement by prescription in their counterclaim and because Michael Gilley specifically testified at trial that the Gilleys were claiming ownership of the disputed property by adverse possession. As to that argument, the Court of Civil Appeals stated, in pertinent part:
 

 “ ‘At the outset, we note that Rule 54(c) of the Alabama Rules of Civil Procedure gives the trial court the discretion to award any relief a party is entitled to, even if the party has not specifically requested such relief. The rule provides, in pertinent part:
 

 “ ‘ “Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party
 
 *244
 
 in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.”
 

 “ ‘The same principle is enunciated by Rule 15(b), [Ala. R. Civ. P.,] where it is stated:
 

 ‘““When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.”
 

 “ ‘We find that these provisions make clear the fact that the trial court is empowered with the discretion to award relief to a party, even when such relief is not specifically requested in the complaint.
 
 See Awad v. Awad,
 
 54 Ala.App. 154, 806 So.2d 21 (Ala.Civ.App.1975).’
 

 “Beason v. Beason,
 
 571 So.2d 1155, 1156 (Ala.Civ.App.1990). Thus, it was within the trial court’s discretion, if it determined that the issue had been tried by the implied consent of the parties, to award the Gilleys relief not requested in their counterclaim, i.e., an easement by prescription. However, a trial court can grant relief not specifically requested in a complaint or counterclaim only when the party seeking such relief has met its burden of proving the elements of that claim.”
 

 Aman,
 
 55 So.3d at 238.
 

 Aman also argued before the Court of Civil Appeals that the Gilleys failed to meet their burden of proof to establish their claim of an easement by prescription. Specifically, Aman argued that the Gilleys had failed to show that their use of the disputed property was adverse to Aman’s interest. The Court of Civil Appeals agreed- with Aman and reversed the trial court’s judgment, holding:
 

 “A permissive use of lands does not ripen into an adverse use until there has been a repudiation of the permissive use so as to afford the owner notice of an adverse claim.
 
 Cotton v. May,
 
 293 Ala. 212, 301 So.2d 168 (1974);
 
 Gonzalez v. Naman,
 
 678 So.2d 1152 (Ala.Civ.App.1996). Furthermore, an easement by prescription ‘ “is not established merely by the use of the lands of another for a period of twenty years or more.” ’
 
 Cotton v. May,
 
 293 Ala. at 214-15, 301 So.2d at 170 (quoting
 
 West v. West,
 
 252 Ala. 296, 297-98, 40 So.2d 873, 874 (1949)).
 
 Accord Carr v. Turner,
 
 575 So.2d 1066, 1067-68 (Ala.1991);
 
 Fisher v. Higginbotham,
 
 406 So.2d 888, 889 (Ala.1981);
 
 Ford v. Alabama By-Products Corp.,
 
 392 So.2d 217, 219 (Ala.1980);
 
 Belcher v. Belcher,
 
 284 Ala. 254, 256, 224 So.2d 613, 614 (1969);
 
 Loveman v. Lay,
 
 271 Ala. 385, 392, 124 So.2d 93, 98 (1960);
 
 Roberts v. Monroe,
 
 261 Ala. 569, 577, 75 So.2d 492, 499 (1954); and
 
 West v. West,
 
 252 Ala. 296, 297-98, 40 So.2d 873, 874 (1949).
 

 [[Image here]]
 

 “The Gilleys’ use of the disputed property was presumed to be permissive.
 
 Hollis v. Tomlinson,
 
 [585 So.2d 862 (Ala.1991) ]. The Gilleys did not present any evidence to rebut the presumption that their use of the disputed property was permissive. The Gilleys presented only evidence that they had used the disputed property for 26 years as a driveway. However, as stated earlier, the mere use of the disputed property for 20 years or more does not establish an easement by prescription.
 
 Cotton v. May,
 
 supra;
 
 Carr v. Turner,
 
 supra;
 
 Fisher v. Higginbotham,
 
 supra; and
 
 Ford v. Alabama By-Products Corp.,
 
 supra. Therefore, the Gilleys failed to prove adverse use of the disputed property, which is an essential element to
 
 *245
 
 establish their entitlement to an easement by prescription.”
 

 Aman,
 
 55 So.3d at 239-40.
 

 The Gilleys then petitioned this Court for certiorari review of the Court of Civil Appeals’ decision. Both the Gilleys and Aman waived their right to file a brief in this Court; thus, this case was submitted solely on the Gilleys’ petition for the writ of certiorari.
 

 Discussion
 

 In their petition before this Court, the Gilleys argue that, in reversing the trial court’s judgment, the Court of Civil Appeals disregarded the ore tenus rule, reweighed the evidence, and substituted its judgment for that of the trial court in determining that the Gilleys’ use of the disputed property was permissive and thus did not satisfy the elements necessary to establish a prescriptive easement.
 

 This Court set forth the elements necessary to establish an easement by prescription in
 
 Apley v. Tagert,
 
 584 So.2d 816, 818 (Ala.1991):
 

 “ ‘[T]he claimant must use the premises over which the easement is claimed for a period of twenty years or more, adversely to the owner of the premises, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. The presumption is that the use is permissive, and the claimant has the burden of proving that the use is adverse to the owner.’ ”
 

 (Quoting
 
 Bull v. Salsman,
 
 435 So.2d 27, 29 (Ala.1983).)
 

 The trial court here found as follows:
 

 “[T]he Gilleys have acquired an easement or right of way down the roadway including the driveway in question and ... the Gilleys shall be entitled to use the road and driveway free of any interference from [Aman] or [Aman’s] agents or employees.”
 

 Although the trial court did not specifically find that the Gilleys’ use of the disputed property was adverse to Aman’s interest in the property, “when a trial court enters a judgment in a case and does not make specific findings of fact, we must assume that the trial court found the facts necessary to support its judgment, unless the findings would be clearly erroneous and against the great weight of the evidence.”
 
 Lakeview Townhomes v. Hunter,
 
 567 So.2d 1287, 1289 (Ala.1990).
 

 The Court of Civil Appeals reversed the trial court’s judgment granting the Gilleys a prescriptive easement, holding that “[t]he Gilleys did not present any evidence to rebut the presumption that their use of the disputed property was permissive” and, thus, that “the Gilleys failed to prove adverse use of the disputed property, which is an essential element to establish their entitlement to an easement by prescription.”
 
 Aman,
 
 55 So.3d at 239-40. Based on its holding that the appeal presented a question of law in that the Gilleys presented no evidence to show that their use of the disputed property was adverse to Aman’s interest, the Court of Civil Appeals determined that the ore tenus rule did not apply.
 

 The Court of Civil Appeals erred in holding that the Gilleys did not present any evidence indicating that their use of the disputed property was adverse to Aman’s interest. The Gilleys in fact presented evidence upon which the trial court could have properly based its holding that the Gilleys’ use of the disputed property was adverse to Aman’s interest.
 

 In
 
 Belcher v. Belcher,
 
 284 Ala. 254, 224 So.2d 613 (1969), the trial court granted a contiguous property owner an easement over a property owner’s land. The trial
 
 *246
 
 court based its judgment that the contiguous property owner had adversely used the easement for the required 20-year period upon the following evidence:
 

 “[T]hat for more than twenty years, the occupants of dwellings on [the contiguous property owner’s] land used the road to haul their belongings in and out, that one of them had paid [the other property owner] to pull his automobile out of mudholes three or four times with a tractor when it was stuck on the road, that their children used the road to go to and from school, that their visitors used the road when they used their automobiles to visit them and that the road was the only means of vehicular ingress and egress.”
 

 Belcher,
 
 284 Ala. at 256-57, 224 So.2d at 614-15. This Court affirmed the trial court’s judgment. In affirming the trial court’s decision, we cited
 
 West v. West,
 
 252 Ala. 296, 40 So.2d 873 (1949), recognizing that “a private easement is not established merely by the use of the lands of another for a period of twenty years or more. Such use must have been adverse to the owner of the premises over which the easement is claimed.... ”
 
 Belcher,
 
 284 Ala. at 256, 224 So.2d at 614. We concluded that “[w]here the cause was heard ore tenus the lower court’s decree will be upheld on appeal unless it is palpably erroneous or manifestly unjust. We cannot say that the decree of the trial court was either plainly erroneous or manifestly unjust.” 284 Ala. at 257, 224 So.2d at 615 (citation omitted).
 

 In the present case, as in
 
 Belcher,
 
 it is undisputed that the property has been used as the only ingress and egress to the Gilleys’ property for more than 20 years, either by the Gilleys themselves, or by their predecessor in title, Leonard Helms. The Gilleys presented evidence indicating that Helms used the disputed property to access his property without express permission from 1963 to 1975. Helms sold a portion of his property to the Gilleys in 1975, and the Gilleys continued to use the disputed property without express permission from 1976 until January 2003, when Aman erected a fence preventing the Gil-leys from using the disputed property. Helms also testified that he continued to use the disputed property after 1976 to access his land that lay to the west of the Gilleys’ property.
 

 The Court of Civil Appeals appears to have dismissed Helms’s testimony as evidencing his and the Gilleys’ adverse use of the disputed property on the basis of a portion of Helms’s testimony in which he stated that before Aman acquired the property he was not doing anything antagonistic to the interest in the property held by Aman’s predecessor in title. However, when Helms’s testimony is viewed in context, it is not readily apparent that Helms testified that he believed that his use of the disputed property was not adverse to the interest held by Aman’s predecessor in title:
 

 “[Aman’s attorney]: And you and [Aman’s predecessor in title] were friends?
 

 “[Helms]: Right.
 

 “[Aman’s attorney]: Y’all got along well together?
 

 “[Helms]: Yes.
 

 “[Aman’s attorney]: And you were not doing anything antagonistic to [Aman’s predecessor in title’s] interest, were you?
 

 “[Helms]: No.”
 

 As the Gilleys note in their petition before this Court, “[A] review of Mr. Helms’ ... response as to being ‘antagonistic’ to [Aman’s predecessor in title] was limited to the issue of them being friends and not whether he had used the road in a manner
 
 *247
 
 that would or would not give rise to a prescriptive easement:” (Gilleys’ petition, at 11.) The trial court certainly could have concluded, as the Gilleys urge in them petition, that Helms’s response during that exchange was not related to his use of the disputed property.
 

 Also pertinent to the adverse use of the disputed property, the Gilleys presented evidence indicating that Helms maintained the disputed property from the time he purchased the property in 1968 until he transferred a portion of his property to the Gilleys in 1975. The Gilleys also presented testimony showing that Mr. Gilley operates an automobile-mechanic business on his property and that all of his customers use the disputed property for ingress and egress. Mr. Gilley also uses the disputed property for ingress and egress of a school bus from his property, which he operates as a bus driver for the Houston County Board of Education, and of “fire department equipment” and an ambulance in his role as chief of the Wicksburg Volunteer Fire Department. The Gilleys also presented evidence showing that utilities personnel, mail carriers, and garbage collectors all used the disputed property for ingress and egress to the Gilleys’ property. Mr. Gilley also testified that he “didn’t feel [he] needed to” ask permission to use the disputed property and that the Gilleys never discussed their use of the disputed property with Aman.
 

 There is undoubtedly some evidence in the record to support the trial court’s holding that the Gilleys have a prescriptive easement over the disputed property. Therefore, the ore tenus rule applies to the trial court’s findings of fact.
 

 When evidence is presented ore tenus and the trial court “‘resolves conflicting questions of fact in favor of one of the parties, its findings will not be disturbed on appeal unless they were clearly erroneous or manifestly unjust.’ ”
 
 Lilly v. Palmer,
 
 495 So.2d 522, 525 (Ala.1986) (quoting
 
 Scarbrough v. Smith,
 
 445 So.2d 553, 555 (Ala.1984)). “The presumption of correctness [accorded a trial court’s judgment in a boundary-line dispute when its findings are based on ore tenus evidence] is particularly strong in adverse possession cases, because it is difficult for an appellate court to review the evidence in such cases.”
 
 Rice v. McGinnis,
 
 653 So.2d 950, 950 (Ala.1995).
 

 The Court of Civil Appeals erred in determining that the ore tenus rule did not apply here. The trial court’s finding that the Gilleys have a prescriptive easement over the disputed property is not clearly erroneous or manifestly unjust. Therefore, the Court of Civil Appeals’ judgment is reversed and the case remanded to that court.
 

 On remand the Court of Civil Appeals must determine whether the parties tried the prescriptive-easement issue by implied consent. As set forth above, the Court of Civil Appeals held that the trial court properly considered the Gilleys’ allegation that they had a prescriptive easement over Aman’s property, which argument was not raised until after the bench trial. Specifically, the Court of Civil Appeals held that “it was within the trial court’s discretion, if it determined that the issue had been tried by the implied consent of the parties, to award the Gilleys relief not requested in their counterclaim, i.e., an easement by prescription.”
 
 Aman,
 
 55 So.3d at 238. However, the Court of Civil Appeals never determined whether the issue had been tried by the consent of the parties.
 

 We hold that the evidence supported the trial court’s judgment awarding the Gilleys a prescriptive easement over Aman’s property, if the issue was indeed tried by the implied consent of the parties. Therefore, the Court of Civil Appeals must determine
 
 *248
 
 if the prescriptive-easement issue was tried by the implied consent of the parties. If it was tried by such consent, the trial court’s judgment should be affirmed; if not, the trial court’s judgment should be reversed.
 

 Conclusion
 

 Based on the foregoing, the judgment of the Court of Civil Appeals is reversed and the case remanded to the Court of Civil Appeals for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and SHAW, JJ., concur.
 

 MURDOCK, J., recuses himself.