*249
On Remand from the Supreme Court

THOMPSON, Presiding Judge.
This case has been remanded to this court from our supreme court. See Ex parte Gilley, 55 So.3d 242 (Ala.2010). In this court’s original opinion, the facts and procedural history were set forth as follows:
“Demarius Hughes Aman appeals the judgment of the trial court finding that Michael J. Gilley and Susan Helms Gil-ley own an easement across a portion of Aman’s real property. We reverse and remand.
“Aman sued the Gilleys, who are coterminous landowners on the southern boundary of Aman’s real property, to quiet title to a 120-acre parcel of real property and to enjoin them from interfering with a fence erected by Aman and her husband. The Gilleys answered, claiming to have paid taxes on a strip of land 20 feet wide and 975 feet long purportedly located within the 120-acre parcel. The Gilleys counterclaimed for a determination of the boundary line between their property and Aman’s property, and they claimed ownership of the strip of land by adverse possession for a period of 10 years. The case was tried before a judge without a jury.
“During the trial, the parties stipulated that the 20 foot by 975 foot strip of land was a public dirt road. At trial, however, the parties disputed the ownership of an additional strip of land (hereinafter ‘the disputed property’) approximately 20 feet wide and approximately 200 feet long located at the end of the dirt road; the Gilleys use the disputed property as a driveway. At trial, the Gilleys claimed to own the disputed property through adverse possession.
“In their posttrial brief, for the first time, the Gilleys claimed to own an easement by prescription over the disputed property. In her posttrial brief, Aman argued to the trial court that the Gilleys had not claimed an easement by prescription before or at trial and that, therefore, they were not entitled to an easement by prescription. Aman specifically directed the court’s attention to Michael Gilley’s trial testimony that the Gilleys were claiming ownership of the disputed property by adverse possession. Aman also argued that the Gilleys had failed to prove that their possession of the disputed property exclusive and hostile. The trial court entered judgment finding that ‘the Gilley[s] have acquired easement or right of way down the roadway including the driveway in question and that the Gilley[s] shall be entitled to use the road and driveway free of any interference from [Aman] or [Aman’s] agents or employees.’ ”
Aman v. Gilley, 55 So.3d 235, 237 (Ala.Civ.App.2005).
In addressing the issues presented in the parties’ briefs in Aman v. Gilley, supra, this court noted that the Gilleys had not asserted a claim seeking a prescriptive easement in their initial pleadings in this matter but that such a claim could be tried by the implied consent of the parties; this court stated:
“Aman contends on appeal that the trial court erred in granting the Gilleys a prescriptive easement because the Gil-leys did not allege that they had acquired an easement by prescription in their counterclaim and because Michael Gilley specifically testified at trial that the Gilleys were claiming ownership of the disputed property by adverse possession.
“ ‘At the outset, we note that Rule 54(c) of the Alabama Rules of Civil Procedure gives the trial court the discretion to award any relief a party *250 is entitled to, even if the party has not specifically requested such relief. The rule provides, in pertinent part:
“ ‘ “Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.”
“ ‘The same principle is enunciated by Rule 15(b), [Ala. R. Civ. P.,] where it is stated:
“ ‘ “When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.”
“ ‘We find that these provisions make clear the fact that the trial court is empowered with the discretion to award relief to a pai'ty, even when such relief is not specifically requested in the complaint. See Awad v. Awad, 54 Ala.App. 154, 306 So.2d 21 (Ala.Civ.App.1975).’
“Beason v. Beason, 571 So.2d 1155, 1156 (Ala.Civ.App.1990). Thus, it was within the trial court’s discretion, if it determined that the issue had been tried by the implied consent of the parties, to award the Gilleys relief not requested in their counterclaim, i.e., an easement by prescription. However, a trial court can grant relief not specifically requested in a complaint or counterclaim only when the party seeking such relief has met its burden of proving the elements of that claim.
“Therefore, we address Aman’s claim that the Gilleys failed to meet their burden of proof to establish them claim of an easement by prescription....”
Aman v. Gilley, 55 So.3d at 238. This court concluded that the Gilleys had not established them right to an easement by prescription because they had failed to prove adverse use of the disputed property; such adverse use is an essential element for a claim seeking the imposition of an easement by prescription. Aman v. Gilley, 55 So.3d at 238-39 (citing Cotton v. May, 293 Ala. 212, 301 So.2d 168 (1974); Carr v. Turner, 575 So.2d 1066 (Ala.1991); Fisher v. Higginbotham, 406 So.2d 888 (Ala.1981); and Ford v. Alabama By Products Corp., 392 So.2d 217 (Ala.1980)).
The Gilleys filed a petition for writ of certiorari to our supreme court. Our supreme court granted the petition and reversed this court’s judgment. Ex parte Gilley, supra. In reaching its holding, our supreme court concluded that this court had failed to apply the ore tenus standard and that “[tjhere is undoubtedly some evidence in the record to support the trial court’s holding that the Gilleys have a prescriptive easement over the disputed property.” Ex parte Gilley, 55 So.3d at 247. The supreme court further held that, although this court had recognized that it was within the trial court’s discretion to determine whether a prescriptive easement existed, see Aman v. Gilley (citing Beason v. Beason, 571 So.2d 1155 (Ala.Civ.App.1990)), this court had failed to decide “whether the issue had been tried by the [implied] consent of the parties.” Ex parte Gilley, 55 So.3d at 247. Accordingly, the supreme court remanded the cause to this court for a determination whether the claim seeking a prescriptive easement was tried by the implied consent of the parties pursuant to Rule 15(b), Ala. R. Civ. P. Id.
In our discussion in Aman v. Gilley, supra, quoted above, concerning whether the issue of a prescriptive easement was tried by the implied consent of the parties, *251 this court noted that the determination whether an issue is tried pursuant to Rule 15(b) is left to the discretion of the trial court. This court then went on to analyze the merits of the claim for a prescriptive easement. Aman v. Gilley, 55 So.3d at 238 (“Therefore, we address Aman’s claim that the Gilleys failed to meet their burden of proof to establish their claim of an easement by prescription.”). Implicit in our proceeding to analyze the issue of the alleged existence of a prescriptive easement was a conclusion that the trial court had, in fact, determined that that issue had been presented to it by the parties’ implied consent pursuant to Rule 15(b).
In order to clarify our original opinion in Aman v. Gilley, supra, we note that that opinion, as well as the supreme court’s opinion in Ex parte Gilley, supra, set forth the evidence the parties had presented with regard to them use of the disputed property and whether their use was permissive or adverse. That evidence fully supports a conclusion that the issue whether the Gilleys had obtained a prescriptive easement was tried by the implied consent of the parties pursuant to Rule 15(b), Ala. R. Civ. P., and that the trial court did not exceed its discretion in treating the issue as having been tried before it. See McCollum v. Reeves, 521 So.2d 13, 16-17 (Ala.1987) (The determination whether an issue has been tried by the implied consent of the parties is within the discretion of the trial court and may be reversed only upon a showing of an abuse of that discretion.).
In compliance with the instructions of the supreme court, we affirm the judgment of the trial court. See Ex parte Gilley, 55 So.3d at 248 (“If [the claim for a prescriptive easement] was tried by [implied] consent, the trial court’s judgment should be affirmed.”).
AFFIRMED.
PITTMAN and THOMAS, JJ., concur.
BRYAN, J., concurs in the result, without writing. 
MOORE, J., dissents, with writing.