MOORE, Judge,
dissenting.
To the extent the main opinion concludes that the Gilleys’ claim for a prescriptive easement had been submitted to the trial court by implied consent, pursuant to Rule 15(b), Ala. R. Civ. P., or, alternatively, that the trial court in its discretion could have reached that conclusion, I disagree. See 55 So.3d at 251. I agree with the reasoning on this issue set forth in Judge Murdock’s special writing in Aman v. Gilley, 55 So.3d 235 (Ala.Civ.App.2005) (Murdock, J., concurring in the result).
In his special writing, Judge Murdock stated, in essence, that, when a litigant’s evidence supports the claim alleged as well as other claims not alleged or asserted, the trial court is not authorized to award that litigant relief under each and every claim that might be supported by that evidence unless the opposing party had notice of those claims at trial and was afforded an opportunity to defend against them. See Aman v. Gilley, 55 So.3d at 240 (Murdock, J., concurring in the result). I agree that this is the proper application of Rules 15(b) and 54(c), Ala. R. Civ. P. In his writing, Judge Murdock cited McCollum v. Reeves, 521 So.2d 13, 17 (Ala.1987), and Foy v. Foy, 447 So.2d 158, 162-63 (Ala.1984). Both cases support the proposition stated above.
*252 In their pleadings, the Gilleys expressly sought relief only under a claim of adverse possession. Again at trial, Michael Gilley expressly stated that he was claiming title to the disputed property under a claim of adverse possession. As a result, Aman had no notice that the Gilleys claimed an easement by prescription until the Gilleys filed their postjudgment motion, at which point Aman objected. Because that claim was not raised until after the trial was concluded, Aman had no opportunity to defend against that claim. Thus, I cannot agree that the parties impliedly consented to submit the prescriptive-easement issue to the trial court or that the trial court could have properly exercised its discretion to reach such a conclusion. Because the prescriptive-easement claim was not properly before it, the trial court had no authority to grant the Gilleys relief under that theory, and, therefore, the trial court’s judgment finding that the Gilleys had a prescriptive easement over the disputed property should be reversed. I, therefore, dissent from the main opinion issued by this court on remand from our supreme court.